(20 Misc. Rep. 661.)

CARPENTER v. CUMMINGS.

(City Court of New York, General Term. July 2, 1897.)

ATTORNEY—PURCHASE OF NOTE—ACTION.
   It is a good defense, under section 73 of the Code of Civil Procedure, to an action brought by an attorney at law upon a promissory note, that the plaintiff bought, or was interested in buying, the note with the intent and for the purpose of bringing an action thereon; and it is error to exclude evidence tending to prove such defense.

Appeal from trial term.

Action by Ingle Carpenter against Minnie L. Cummings. From a judgment on a verdict directed for plaintiff, and an order denying a new trial, defendant appeals. Reversed. See 42 N. Y. Supp. 239.

Argued before VAN WYCK, C. J., and McCARTHY, J.

L. J. Morrison, for appellant.
Philip Carpenter, for respondent.

VAN WYCK, C. J. The plaintiff, an attorney and counselor, sues as the assignee, by written assignment from the indorsee of the payee, of the note made by defendant; and one of defendant's alleged defenses was that plaintiff, in violation of section 73 of the Code of Civil Procedure, bought, or was interested in buying, the note with the intent and for the purpose of bringing an action thereon. If the plaintiff did so purchase the note, or was so interested in its purchase, and defendant had made any proof which tended to show that plaintiff had so done, a question would have been raised which should go to the jury for determination. But defendant was, by a number of adverse rulings, to which exception was duly taken, prevented from making such proof, and for these errors alone the judgment must be reversed. Such alleged defense, if proven at trial to the satisfaction of the jury, must compel a verdict for defendant. Browning v. Marvin, 100 N. Y. 144, 2 N. E. 635.

The judgment and order are reversed, and new trial granted, with costs to appellant to abide the event.

McCARTHY, J., concurs.