Chief Judge Conway.
This appeal by defendant Matthew H. Jaffe is taken pursuant to permission granted by our court from an Appellate Division judgment unanimously affirming an order of Special Term which (a) granted plaintiff’s motion for summary judgment; (b) struck out defendant’s answer, and (c) ordered that judgment be entered in favor of plaintiff.
Plaintiff seeks to recover the sum of $3,000, which amount, it is claimed, was loaned to defendant by one Hermine Bernfeld, now deceased. Defendant and his wife, Irma Bernfeld Jaffe, were originally named as codefendants. However, defendant’s wife was never served because of her death, and the action, as to her, was discontinued by stipulation.
Plaintiff alleges in his complaint that the executor of the Hermine Bernfeld estate, Irving I. Berson, “ duly sold, assigned and transferred ” the claim to him. In his answer defendant raises two affirmative defenses: (1) that Hermine Bernfeld made a gift and not a loan of the money to his wife, for whom she had a great affection, and (2) that plaintiff, an attorney, purchased the claim from the executor with the intent and purpose of suing thereon in violation of section 274 of the Penal Law.
After answering defendant moved (a), under rule 106 of the Buies of Civil Practice, to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and (b), under rule 107 of the Buies of Civil Practice, to dismiss the complaint upon the ground that the cause of action did not accrue within the six-year period prescribed by the Statute of Limitations. Both motions were denied. Thereupon, plaintiff moved, pursuant to rule 113 of the Buies of Civil Practice, for an order striking out defendant’s answer and granting summary judgment in favor of plaintiff. In support of his motion, plaintiff submitted an affidavit and certain. exhibits. One of the exhibits is a check, dated September 5, 1948, from Hermine Bernfeld drawn to the order of Matthew Jaffe, as payee. Among the other exhibits were correspondence between Hermine and the defendant and his wife in which the money was discussed. Plaintiff’s affidavit, taken together with his documentary evidence, led the lower courts to conclude that plaintiff had conclusively established that Hermine Bernfeld loaned, rather than gave, the money to defendant.
*542 In an attempt to overcome defendant’s second affirmative defense of champerty, plaintiff admitted that he is an attorney and pointed out that he was retained by Hendryk Sokol, the brother and sole legatee of Hermine Bernfeld. He stated further that an assignment of this claim was made to him by Irving Berson, executor of Hermine’s estate, with the written approval of Sokol, the sole legatee, because Sokol was departing from the United States and desired to preserve his rights in the mattér. Plaintiff concluded by stating: “13. Your deponent did not purchase this claim and is acting, as has always been known to the defendant, as the attorney in fact and as the assignee of Hendryk Sokol.” In addition, plaintiff attached to the affidavit as an exhibit a copy of the assignment in which the following language appeared:
‘1 Know all men that I, Irving I. Berson, residing at 142 Laurel Hill Terrace, Borough of Manhattan, City of New York, Executor of the Estate and property of Hermine Bernfeld, deceased, late of the City, County and State of New York, as such Executor, in consideration of the sum of One ($1.00) Dollar and other good and sufficient consideration not herein set forth, paid to me by Murray Sprung, residing at 225 West 86th Street, Borough of Manhattan, City, County and State of New York, hereby sell, assign and transfer to the said Murray Sprung, as assignee, all right, title and interest of the said decedent, Hermine Bernfeld, and of her Estate, in and to all sums which may be due and payable by Matthew H. Jaffe, now or formerly residing at 73 Oak Street, Binghamton, New York, to the said decedent or to her Estate, together with all sums which may be due as interest thereon.
“It is intended by this instrument to assign to the said Murray Sprung any and all claims which the said decedent had at the time of her death against the said Matthew H. Jaffe * *
In opposition to the motion for summary judgment by plaintiff, defendant submitted his affidavit in which he repeated his claim that the money was a gift from Hermine Bernfeld to his wife arising out of her great affection for his wife and reaffirmed his belief that the bringing of this action by the plaintiff constituted a violation of section 274 of the Penal Law. Accordingly, he prayed for a denial of plaintiff’s motion for summary judgment, a dismissal of the complaint and an order granting summary judgment in his favor.
*543 In granting plaintiff’s motion for summary judgment, Special Term made no mention of defendant’s defense of champerty. The affirmance by the Appellate Division was without opinion.
On the present appeal the defendant urges as grounds for reversal: .
(1) That the documentary proof submitted raised a question of fact as to whether or not Hermine Bernfeld loaned or gave the money to defendant and his wife.
(2) That the assignment of the chose in action to the plaintiff was on its face violative of section 274 of the Penal Law and that such a defense having been interposed, summary judgment should not have been granted since a triable issue was raised which only a jury could determine.
(3) That plaintiff could not be both attorney in fact and assignee of Sokol; that if he were an absolute assignee he was guilty of violating section 274 of the Penal Law; that if, on the other hand, he were merely Sokol’s attorney in fact, he was not the real party in interest within the meaning of section 210 of the Civil Practice Act and in either event a dismissal of the complaint is required.
We find it unnecessary to decide whether the courts below were correct in ruling that clearly the money was loaned to defendant inasmuch as we are of the opinion that a trial must be had for the purpose of resolving the issue involving the claimed violation of section 274 of the Penal Law. Before a court is justified in granting a motion for summary judgment it must appear that the defense or denial urged by the defendant is not real but feigned, in short that it is sham or frivolous (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133, 139; Curry v. Mackenzie, 239 N. Y. 267, 270). We do not think that plaintiff has shown the defense of champerty to be feigned.
Section 274 of the Penal Law provides, in part, as follows: 1 ‘ An attorney or counselor shall not: 1. Directly or indirectly, buy, take an assignment of or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon.” (Emphasis added.) This statute has long been on our books. Its purpose is to prevent “ an attorney from encouraging, instigating or promoting ill-feeling and strife, and thereby *544 securing the ownership or control of a demand of any kind for the purpose of bringing an action thereon.” (Ransom v. Cutting, 188 N. Y. 447, 452.) It is true, of course, that the statute is violated only if the primary purpose of the purchase or taking by assignment of the thing in action is to enable the attorney to commence a suit thereon. The statute does not embrace a case where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent. (Moses v. McDivitt, 88 N. Y. 62; see, also, Stern v. Indemnity Ins. Co. of North America, 167 Misc. 446; 14 C. J. S., Champerty and Maintenance, § 10, p. 361.) Nevertheless, the question of the intent and purpose of the purchaser or assignee is generally one of fact to be decided by the trier of the facts (Carpenter v. Cummings, 20 Misc. 661; 14 C. J. S., Champerty and Maintenance, § 49, p. 388).
The present case appears, on its face, to come within the very language and prohibition of section 274 of the Penal Law. Plaintiff admits that he is an attorney and that he took the claim by assignment from the executor, Irving Person. Moreover, although plaintiff denies that he purchased the claim, the assignment itself states that he paid for it. The only explanation offered by plaintiff to controvert defendant’s alleged affirmative defense is that he took the assignment in order to preserve the rights of his client Hendryk Sokol — the sole legatee — to the claim when Sokol, as plaintiff alleges, was leaving the country. This reason seems totally insufficient since the suit could very readily have been brought in the name of the executor as a representative of the estate (see Civ. Prac. Act, § 210), thereby eliminating any need for an assignment. Clearly, then, a bona fide issue of fact is presented as to the-intent and purpose of the plaintiff in taking an assignment of the chose in action from the executor. This requires a trial since plaintiff has failed in his attempt to dispel such issue by documentary proof (General Inv. Co. v. Interborough R. T. Co., supra, p. 142; Tripp, Guide to Motion Practice [rev. ed.], § 95, p. 279). If it be found at the trial that plaintiff did in fact violate section 274 of the Penal Law, a dismissal of his complaint is required (Browning v. Marvin, 100 N. Y. 144; Morgan Munitions Supply Co. v. Studebaker Corp., 226 N. Y. 94).
The only point remaining is the claim by the defendant that the action should be dismissed for the reason that the plaintiff *545 is not the real party in interest within the meaning of section 210 of the Civil Practice Act. Defendant’s charge to that effect is based upon a statement made by plaintiff in his affidavit in support of the motion for summary judgment in which he stated that he is acting as attorney in fact and as an assignee of Hendryk Sokol. However that may be, an examination of the instrument itself reveals that on its face the assignment is absolute and not a mere power of attorney or appointment of an attorney in fact (cf. Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479, 482).
The judgment of the Appellate Division and the order of Special Term should be reversed and the matter remitted to Special Term for further proceedings in accordance with this opinion, with costs in all courts.
Judges Desmond, Dye, Fuld, Froessel and Burke concur with Chief Judge Conway ; Judge Van Voorhis dissents and votes to affirm upon the ground that he thinks that a lawyer cannot be guilty of champerty under section 274 of the Penal Law, for stirring up a lawsuit, if he buys a claim which cannot be defended in good faith.
Judgment accordingly.