■ AMERICAN EXPRESS COMPANY, Respondent, v CONTROL DATA CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered June 30, 1975, unanimously modified, on the law, to the extent of striking therefrom that provision which grants permission to defendants-appellants to renew their motion, denied by the same order, to dismiss the complaint, and otherwise affirmed, without costs and without disbursements. The order under review denied a motion to dismiss the complaint on the two grounds that the claims sued on were assigned in violation of the champerty prohibition of the Judiciary Law, and also that, as personal injury claims, several of them were assigned in violation of subdivision 1 of section 13-101

of the General Obligations Law. The denial, however, was without prejudice to later renewal of the motion. There is no possible basis for renewal of the motion to dismiss: the complaint clearly states a cause of action and the assignment thereof to plaintiff-respondent was not solely for the purpose of litigation (Judiciary Law, § 489). Measured by the rule laid down in *Fairchild Hiller Corp. v McDonnell Douglas Corp.* (28 NY2d 325), imprecise in language of definition as that rule may be, the assignment was no more than an incident to a substantial commercial transaction. Doubtless, there was an awareness of the possibility of litigation arising from the relationship of the parties, but incidental preparation therefor is not in itself an indication of a basic litigious purpose. Plaintiff-respondent had such a relationship with its assignors as to give it a substantial and legitimate interest on the transactions involved in the suit. The ground for dismissal claimed to arise under subdivision 1 of section 13-101 of the General Obligations Law, cannot be considered seriously. An action based on alleged fraud and deceit is not by any stretch of imagination one for personal injury, assignment of which falls under the cited section. The factual pattern in this case does not admit of any interpretation which could possibly sustain a renewed application for the relief here denied. Permission to renew the motion should not have been granted. Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.