■ DATA ELECTRIC COMPANY, INC., Respondent, v NAB CONSTRUCTION CORPORATION, Defendant, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—Order, Supreme Court, New York County, entered December 11, 1975, denying appellant's motion for summary judgment dismissing the complaint against it unanimously reversed, on the law, the motion granted, and the complaint dismissed and the action severed as to it. Appellant shall recover $60 costs and disbursements of this appeal from respondent. Appellant, the Port Authority of New York and New Jersey, retained the codefendant, NAB Construction Corporation, as the general contractor to construct the superstructure finishes for its Consolidated Passenger Ship Terminal at Piers 88, 90 and 92, North River, New York City. The general contractor, NAB, in turn retained plaintiff-respondent as the electrical subcontractor. Plaintiff's subcontracts recited the existence of

the prime contracts between appellant and NAB. The agreements between NAB and appellant provide that all subcontractors are deemed agents of the contractor; no third-party rights are created unless by specific written provision in the agreements; and that the agreements may not be modified except in writing signed by the parties. The complaint alleges that in the performance of its subcontracts the plaintiff dealt directly with appellant and with its prime contractor as its agent and that appellant supervised and directed plaintiff's work in all phases. Damages for delay and interference are sought against both defendants. On appellant's motion to dismiss the complaint, Special Term held that the material elements of a valid cause of action had been pleaded against appellant. The court found a triable issue of appellant's waiver of the right to assert exclusionary clauses in the prime contracts in view of its asserted undertaking of the role of general contractor. Concededly, there is no contract between appellant and the plaintiff. The latter would predicate appellant's liability upon its waiver of provisions of a contract between appellant and its codefendant, the general contractor. We are unaware of any authority (and our attention has been called to none) which goes so far as to create privity of contract on which a plaintiff seeks to predicate liability because of the waiver of the defendant of benefits flowing to it in a contract with a third party. In *Amadeus, Inc. v State of New York* (36 AD2d 873, 874), relied on by Special Term, the action was for extras under a direct construction contract between the parties. The court there aptly stated (p 874), "However, in cases where the State is apprised of the *contractor's* claim that extra work beyond the contract was being performed, the State has been precluded from insisting upon strict compliance with the notice provisions," (emphasis added). So also in the other case cited by Special Term, *Tully & Di Napoli v State of New York* (34 AD2d 439, 443), the court implied waiver for the State's active interference, misrepresentations, fraud or bad faith, in a contract where it was in direct privity with the claimant. (See, also *Peckham Road Co. v State of New York,* 32 AD2d 139.) Even in the much more forceful situation of *Tibbetts Contr. Corp. v O & E Contr. Co.* (15 NY2d 324, 334) where the owner had actually supplanted the general contractor who had absented itself from the job site, the court refused to imply a contract between a subcontractor and the owner who had directed the work where, in that phase of the case, the subcontractor had billed the general contractor, as at bar. While the court recognized the fact that the owner had terminated the prime contract and had accepted performance from the subcontractor, it refused to imply a contract in fact, relegating the subcontractor on that phase of the case to a foreclosure of its mechanic's lien against the fund otherwise owing to the general contractor. No privity between the plaintiff and appellant has been established. These experienced business litigants should be held to their agreements. Appellant is entitled to a dismissal of the complaint. Concur— Stevens, P. J., Markewich, Birns, Silverman and Nunez, JJ.