**FLLI MORETTI CEREALI S.p.A.,**
Plaintiff-Appellee,

v.

**CONTINENTAL GRAIN COMPANY,**
Defendant-Appellant.

**No. 63, Docket 77-7130.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 19, 1977.
Decided Oct. 12, 1977.

Mark H. Alcott, New York City (Paul, Weiss, Rifkind, Wharton & Garrison and Marvin P. Wexler, New York City, on the brief), for defendant-appellant.

Michael Marks Cohen, New York City (Burlingham, Underwood & Lord and Rob-. ert J. Zapf, New York City, on the brief), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

This is an appeal from the judgment granting plaintiff FLLI Moretti Cereali's ("Moretti") motion for partial summary judgment on two claims arising out of contracts for the sale of wheat and dismissing *sua sponte* defendant Continental Grain Company's ("Continental") counterclaim based on Moretti's repudiation of a soybean meal contract between itself and Continental's wholly-owned subsidiary, Continental Grain Export Corporation ("Export").

In November, 1974, Moretti entered into two contracts to sell quantities of wheat to Continental. By agreement, in January, 1976, Continental issued credits to Moretti's account totaling $449,386.96 in satisfaction of these contracts. That this sum is owing to Moretti is not in dispute.

Also in November, 1974, Export contracted to sell a quantity of soybean meal to Moretti. Moretti repudiated this contract in February, 1976; and, on March 2, Export purportedly assigned its claim against Moretti to Continental. Thereafter, by virtue of a compulsory arbitration provision in the contract, Continental submitted the soybean claim to arbitration in London. The claim was pursued in Export's name, as provided in the assignment. In September, 1976, the arbitrators decided against Moretti and awarded Export $1,493,520 damages. This decision is now on appeal in London.

Meanwhile, in February, 1976, Moretti brought suit against Continental in the Southern District of New York to recover the sums owed under the wheat contracts. Continental answered the complaint and filed a counterclaim for damages under the soybean contract assigned to it by Export. Moretti then moved for partial summary judgment on the wheat contract claims and for certification of the judgment as final under Rule 54(b), F.R.Civ.P.[1]

In its opposing papers and affidavits, Continental did not dispute that the sums under the wheat contracts were owing to Moretti. Instead, it attempted to show that, in accordance with custom and usage in the grain trade, these transactions were part of a "running account" between the companies and that, therefore, Moretti's wheat claim and Continental's soybean counterclaim should be dealt with and disposed of together. It is clear from the Local Rule 9(g) statements, affidavits, and other papers submitted by the parties that the evidence in support of and in opposition to Moretti's motion had focused on the issue of whether or not the companies had a running account. Other questions, such as the validity of Export's assignment of the soybean claim to Continental, were raised in the briefs but were not put in issue by the 9(g) statements or affidavits.

■ Nonetheless, looking beyond the principal contentions of the parties, the district court found, as a matter of New York

1. Rule 54(b), F.R.Civ.P., states, in pertinent part, that,

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

law,[2] that the assignment of the soybean claim was invalid because its primary purpose was to enable Continental to file its counterclaim. The court dismissed the counterclaim *sua sponte* and granted Moretti's motion for summary judgment. In its ruling, the court never reached the issue of the running account. It reasoned that whether or not such an account existed, because Export's assignment was invalid, all of the credits were on Moretti's side of the ledger and, therefore, resolution of that issue was unnecessary.

On appeal, Continental contends that the district court erred in finding that Export's assignment was invalid and that Continental's counterclaim should, therefore, be summarily dismissed.

The standards to be applied by the district court in deciding motions for summary judgment have been clearly articulated in this Circuit and need little repetition here. Summary judgment is a harsh remedy to be granted only where there are no material issues of fact to be tried. See *Judge v. City of Buffalo*, 524 F.2d 1321 (2d Cir. 1975). In making that determination a court must "resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, [citation omitted], with the burden on the moving party to demonstrate the absence of any material fact genuinely in

dispute." *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975). While it is not inappropriate for a district court to grant summary judgment *sua sponte* where it is clear that a case does not present an issue of material fact; *Healy v. James*, 319 F.Supp. 113 (D.Conn.1970), aff'd, 445 F.2d 1122 (2d Cir. 1971), *rev'd on other grounds*, 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972); cf. 6 Moore's Federal Practice ¶ 56.12; such power must be exercised with great caution and with care taken to give the parties an opportunity to present materials in opposition to the motion. See *Rhoads v. McFerran*, 517 F.2d 66 (2d Cir. 1975); cf. *Bowdidge v. Lehman*, 252 F.2d 366 (6th Cir. 1958).

In this case, the court ran afoul of these principles by failing to view the evidence submitted in the light most favorable to Continental. It also prematurely resolved the issue of the validity of Export's assignment, which had not been raised by Moretti's statement of alleged undisputed material facts, and thereby deprived Continental of the opportunity to present evidence of the business purpose of the transaction.

The court based its finding of invalidity principally on three grounds which are pressed by Moretti on appeal:[3] (1) the failure of Continental to deny Moretti's assertion that the assignment was solely for

**2.** The jurisdiction of the district court was based on the diversity of the parties, one being a foreign company and the other an American corporation whose principal place of business is located in New York. The assignment was executed in New York; and, therefore, the court was correct in looking to New York law to determine its validity.

**3.** In reaching its conclusion that the assignment was invalid under New York law, the court purported to apply the test enunciated by the New York Court of Appeals in *Fairchild Hiller Corp. v. McDonnell Douglas Corp.*, 28 N.Y.2d 325, 330, 321 N.Y.S.2d 857, 270 N.E.2d 691 (1971) (construing § 489 of the Judiciary Law) to wit, an assignment is invalid if it is not part of a substantial commercial transaction and the primary purpose of it is to enable the assignee to commence suit thereon. See also, *American Express Co. v. Control Data Corp.*, 50 A.D.2d 749, 376 N.Y.S.2d 153 (1st Dept. 1975); *Roslyn Savings Bank v. Jones*, 69

Misc.2d 733, 330 N.Y.S.2d 954 (Sup.Ct., Nassau County 1972). Continental disputes the court's reading of the *Fairchild Hiller* test, arguing that the rule is much narrower and that for an assignment to be invalid it "must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose." *Id.*, 28 N.Y.2d at 330, 321 N.Y.S.2d at 860, 270 N.E.2d at 693. On this appeal, it is unnecessary to decide which formulation of the test is correct. Under either construction, the district court did not give Continental an adequate opportunity to prove its intent and purpose in purchasing the Export claim, thus leaving open a genuine issue of fact. See *Sprung v. Jaffe*, 3 N.Y.2d 539, 169 N.Y.S.2d 456, 147 N.E.2d 6 (1957). In *Fairchild Hiller Corp.*, the court upheld a finding that an assignment was valid on motion for summary judgment only after the undisputed facts of the case had been developed by extensive pretrial discovery. Such is not the situation here.

purposes of litigation; (2) the conduct of Continental and Export subsequent to the assignment; and (3) the language of the assignment itself. In each of these instances, the evidence was at best ambiguous and, under the rule of the *Heyman* case, these ambiguities should have been resolved in Continental's favor.

Continental's failure to dispute Moretti's assertion that the assignment was invalid can reasonably be explained by Moretti's own failure to set forth this issue in its statement of undisputed material facts. This statement frames the issues on a motion for summary judgment and gives the party against whom judgment is sought notice of the facts he must show to be in dispute in order to defeat the motion. In fact, Continental did make a brief reference in its affidavits to a tax purpose for the assignment. Continental should have been given the opportunity to develop this purpose more fully below.

■ Inasmuch as the assignment gave Continental the right to pursue any claims arising out of the soybean meal contract in Export's name, it was not inconsistent with the intent to transfer all right, title and interest in the contract for Export to commence and prosecute to preliminary award the arbitration proceeding on that claim.

Finally, the assignment states, in part, that,

"Assignor constitutes assignee as assignor's true and lawful attorney, irrevocably, with full power . . . to file any claim or to take any action' or institute any proceeding including arbitration which *assignor* deems necessary in connection with the contract and the enforcement of rights thereunder." (Emphasis added.)

The court held, and Moretti now claims, that this language creates no more than a power of attorney in Continental and that, therefore, the assignment was primarily for litigation purposes. The other decretal paragraph of the assignment, however, does purport to transfer all of Export's right, title, and interest in the contract. Continental should have been given an opportunity to submit evidence to resolve this inconsistency by showing either that the parties intended the assignment to effect a transfer of all Export's rights or that an error was made in reducing the terms of the agreement to writing. *Hart v. Blabey*, 287 N.Y. 257, 39 N.E.2d 230 (1942); *O'Neil Supply Co. v. Petroleum Heat & Power Co.*, 280 N.Y. 50, 19 N.E.2d 676 (1939); *Hotel Credit Card Corp. v. American Express Co.*, 13 A.D.2d 189, 214 N.Y.S.2d 921 (1st Dept. 1961); *Anders v. State*, 42 Misc.2d 276, 248 N.Y.S.2d 4 (N.Y.Ct. of Cl. 1964); see also, *United States v. Jacobs*, 304 F.Supp. 613 (S.D.N.Y.1969); 2 Corbin, Contracts § 530; 3 Corbin, Contracts §§ 559, 579, 580. The parties have a right to present extrinsic evidence to aid in interpreting the assignment. *67 Wall St. Co. v. Franklin Nat. Bank*, 37 N.Y.2d 245, 371 N.Y.S.2d 915, 333 N.E.2d 184 (1975); see also, *Asheville Mica Co. v. Commodity Credit Corp.*, 335 F.2d 768 (2d Cir. 1964).

The language of the assignment is ambiguous and subject to two fairly reasonable interpretations. As such, it presents a triable issue of fact which makes the grant of summary judgment improper. *Heyman v. Commerce and Industry Insurance Co.*, *supra*, at 1320.

■ A motion for summary judgment does not entitle the court to try issues of fact. Its function is limited to deciding whether there are any such issues to be tried. *United States v. Bosurgi*, 530 F.2d 1105 (2d Cir. 1976). In this case, the court reached out to achieve a result not sought by the moving party, and it failed to give the party against whom summary judgment was entered an adequate and timely opportunity to address the issues on its own behalf. The judgment, therefore, must be reversed to afford the parties the opportunity to present relevant evidence with respect to material factual issues.

Reversed and remanded.