■ WILLIAMS PAVING COMPANY, INC., a Division of Greater Buffalo Press, Inc., as Assignee of ARCHIE JONES and Another, Respondent, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Plaintiff is a corporation engaged in highway construction and it is owner of an asphalt spreader machine which was damaged on August 20, 1973 when struck by an automobile owned by Archie Jones and driven by Arthur Jones. Plaintiff sued the Joneses and obtained judgment of $27,008.50. Defendant insured

the Joneses for damage caused in the accident to a maximum of $5,000. It is alleged that during the pendency of the action between plaintiff and the Joneses, plaintiff offered to settle the claim within the policy limits and defendant, acting in bad faith, refused to do so. Plaintiff has been paid in full for its damages by its own insurer, North River Insurance Company, which thus became subrogated to plaintiff's claim against the Joneses. Plaintiff now sues as nominee of North River and assignee of Joneses, asserting bad faith on the part of defendant. Defendant moved to dismiss the complaint for failure to state a cause of action. It contends that the action is barred by the provisions of section 13-101 of the General Obligations Law and section 489 of the Judiciary Law. Special Term properly denied the motion. Section 13-101 of the General Obligations Law provides that any claim can be transferred except one to recover for a personal injury. An action for bad faith in defending an insured is an action arising out of contract *(Town of Poland v Transamerica Ins. Co.,* 53 AD2d 140; and see *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427), and, therefore, transfer is not foreclosed by that statute *(Di Lallo v Fidelity Cas. & Co. of N. Y.,* 355 F Supp 519; and see Ann., Assignability of Insured's Right to Recover Over Against Liability Insurer for Rejection of Settlement Offer, 12 ALR3d 1158). Nor does section 489 of the Judiciary Law bar the assignment to plaintiff of the Jones' claim against defendant. The assignment was not champertous, as that concept is now embodied in section 489, i.e.: "taking an assignment of a * * * thing in action * * * for the purpose of bringing an action or proceeding thereon", and explained in the cases. See *Fairchild Hiller Corp. v McDonnell Douglas Corp.* (28 NY2d 325, 330), where the Court of Appeals stated: "We have consistently held that in order to fall within the statutory prohibition [of section 489 of the Judiciary Law], the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose. *(Moses v. McDivitt,* 88 N. Y. 62, 65.)" (And see *Sprung v Jaffe,* 3 NY2d 539, 544; *Coopers & Lybrand v Levitt,* 52 AD2d 493; *American Express Co. v Control Data Corp.,* 50 AD2d 749.) The company's primary purpose was to protect its own interest in attempting to collect its judgment against the Joneses. The record also indicates that the assignment was related to plaintiff's subrogation agreement with its own insurer, North River. Thus, in taking the assignment from the Joneses, plaintiff did not act with a "basic litigious purpose", but "had such a relationship with its assignors as to give it a substantial and legitimate interest on *[sic]* the transactions involved in the suit." *(American Express Co. v Control Data Corp.,* 50 AD2d 749, 750.) Further, plaintiff comes within section 490 of the Judiciary Law by virtue of its taking the assignment in connection with efforts to satisfy its judgment against the Joneses. Section 490 provides that section 489 does not "prohibit the receipt of a * * * thing in action, in payment for * * * a debt antecedently contracted; or [the] buying or receiving a bill of exchange, draft, or other thing in action *for the purpose of remittance"* (emphasis added). (See *Famous Artists Schools v Cook,* 121 NYS2d 457; 7 NY Jur, Champerty and Maintenance, §§ 2, 4, 5.) (Appeal from order of Erie Supreme Court—dismiss complaint.) Present— Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.