James T. HOUSEWRIGHT, as President of the Retail Clerks International Association, AFL–CIO, and William H. Wynn, as Vice-President of the Retail Clerks International Association, AFL–CIO, as Trustee of Bakery and Confectionery Salesclerks Union, Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, and Health and Welfare Fund for Local 150, and Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Plaintiffs,

v.

Saul DURST, Individually, as President of Bakery and Confectionery Salesclerks Union, Local 150, as Medical Administrator of the Health and Welfare Fund for Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Harold Goodman, Individually, as Secretary-Treasurer of Bakery and Confectionery Salesclerks Union, Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Leo Rhode, Individually, as Vice-President of Bakery and Confectionery Salesclerks Union, Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Ann Curylo, Individually and as Vice-President of the Bakery and Confectionery Salesclerks Union, Local 150, Rose Rubin, Individually, as Vice-President of Bakery and Confectionery Salesclerks Union, Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Harvey Durst, Individually and as Vice-President and Business Representative

140

of Bakery and Confectionery Salesclerks Union, Local 150, Pauline Brownstein, Individually and as Vice-President of Bakery and Confectionery Salesclerks Union, Local 150, Sophie Tucker, Individually, as Recorder of Bakery and Confectionery Salesclerks Union, Local 150, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, David J. Durst, Individually, as Trustee and Administrator of Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund and as Trustee of the Health and Welfare Fund for Local 150, Robert Weiss, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Joseph Heppt, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Leonard Rosenberg, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Meyer Goldberg, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, David Dubner, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Samuel Stein, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Herman Gordon, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Louis Babitz, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Louis Storch, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Seymour Shaps, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Martin Jarmal, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Paul Walken, Individually, as Trustee of the Health and Welfare Fund for Local 150 and as Trustee of the Bakery and Confectionery Salesclerks Union, Local 150 Pension and Retirement Fund, Bayridge Diagnostic and Analytical Laboratories, Inc., Comerald Associates, Inc., Frank Comerford, Robert Gerald, Pollack & Mazin, Inc., Max Aronson & Company, Max Aronson, William Mazin, and John Doe, as Executor and/or Administrator of the Estate of Sydney O. Perlman, Defendants.

No. 75 Civ. 2486.

United States District Court,
S. D. New York.

April 6, 1979.

Vladeck, Elias, Vladeck, Zimny & Engel-hard, P. C., New York City, for plaintiffs by Judith P. Broach, New York City, of counsel.

Gordon, Hurwitz, Butowsky, Baker, Weitzen & Shalov, New York City, for defendants Harold Goodman, Leo Rhode, Rose Rubin, Sophie Tucker, Joseph Heppt, Leonard Rosenberg, Paul, Walken, Meyer Goldberg and Herman Gordon by Paul D. Wexler, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendant Saul Durst by Arthur D. Felsenfeld, New York City, of counsel.

Jacob P. Lefkowitz, New York City, for defendant Durst.

Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, for defendants Comerald Associates, Inc., Frank Comerford and Robert C. Gerald by Edward Cherney, New York City, of counsel.

D'Amato & Lynch, New York City, for defendants Max Aronson, Pollack & Mazin, Inc. and William Mazin by Andrew R. Simmonds, New York City, of counsel.

Rabinowitz, Boudin & Standard, New York City, for defendant Robert Weiss.

## OPINION

SWEET, District Judge.

This action arises out of the circumstances surrounding the insolvency during 1975 of the Pension and Retirement Fund ("the Pension Fund") and the Health and Welfare Fund ("the Welfare Fund") of the Bakery and Confectionery Salesclerks Union, Local 150 ("the Local"). Plaintiff Wynn is president of the Retail Clerks International Association, AFL–CIO ("the International"); a trusteeship has been imposed by the International over the property and affairs of the Local, in accordance with 29 U.S.C. §§ 461–62.[1]

The Pension Fund and the Welfare Fund were and are trust funds established solely for the benefit of employees represented by the Local, as authorized under 29 U.S.C. § 186. Defendants Goldberg, Gordon, Heppt, Rhode, Rosenburg, Rubin, Tucker, and Walker ("the trustee defendants") were, at all times relevant to plaintiff's allegations, trustees to the funds. Plaintiffs have alleged, *inter alia,* that the trustee defendants mismanaged both funds in breach of their fiduciary duties under Title V of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 501, and under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101–09, 1132.

---

1. Plaintiff Housewright, now deceased, was president of the International at the time this suit was initiated. Housewright appointed plaintiff Wynn to oversee the officers of the Local under trusteeship on May 28, 1975. Wynn has since attained the presidency of the International.

Plaintiffs assert that the trustee defendants' breach stems in part from their failure to discover the negligence of defendants Comerford, Gerald, and Comerald Associates, Incorporated ("the movants") who are alleged to be professional advisors to each of the funds. It is further alleged that the movants negligently failed to conform to the standard of conduct prevailing in their professional community.[2] The trustee defendants have cross-claimed against the movants, alleging that they were induced by the movants to believe that the funds were being properly administered.

The movants now move for summary judgment pursuant to Rule 56 of the Fed.R. Civ.P. dismissing the claims against them.[3] The movants assert that although they were insurance consultants to the Welfare Fund, they were merely brokers and third party claims administrators to the Pension Fund. They further state that the Pension Fund was administered and funded by the Connecticut General Life Insurance Company, and that the Welfare Fund was self-insured and had its own paid administrator. In sum, the movants deny that they had a fiduciary obligation to either of the funds.[4]

In reviewing a summary judgment motion, all doubts as to the existence of a factual issue must be resolved in favor of the parties opposing the motion. *S. E. C. v. Research Automation Corp.*, 585 F.2d 31, at 33 (2d Cir. 1978). In ruling on such a motion, the court cannot try issues of fact; rather, it must decide whether there are issues of fact to be tried. *Id.* at 33; *see also American Mfrs. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967).

Mere assertions by a party opposing summary judgment do not suffice. *S. E. C. v. Research Automation Corp.*, supra at 33. Concrete particulars regarding the disputed facts as to the movants' conformance with the applicable standard of care must be set forth in opposition to the motion. *Id.*[5] To hold otherwise would be to undermine the policy of efficient judicial administration embodied in Fed.R.Civ.P. 56.

While the movants deny their status as fund advisors, upon the evidence presented in opposition to the motion, and in light of uncontested contractual provisions applicable to the movants, the court must assume that the movants did have professional obligations as asserted by the plaintiffs. It is uncontroverted that movants Gerald and Comerford attended virtually all of the meetings held by those who were trustees to both funds. Confusion as to their status is reflected in a letter from the Connecticut General Life Insurance Co., addressed to one Mr. Ulano, which states the company's understanding that the movants were advisors and consultants to the Pension Fund. That the movants' advisory role could give rise to the sort of professional duties alleged by the plaintiffs may be inferred from movant Gerald's participation in discussions concerning a Report on Examination by the New York Insurance Department. The movants rebut this evidence by suggesting that Gerald's role during the time of the report "may well have been different". For purposes of this motion, the court must "resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1319–

2. Plaintiffs initially stated claims against the movants sounding in both fraud and negligence, but now admit a failure to uncover evidence to support their allegations of fraud. Accordingly, their contentions in the pre-trial order already filed in this action do not include allegations of fraud.

3. All parties involved with this motion have submitted statements of material fact as required by Rule 9(g) of the General Rules of the Southern District of New York.

4. The movants point out that the allegations against them refer to acts and omissions occurring prior to the effective date of the Employee Retirement Income Security Act. The fiduciary obligations set forth in that legislation are therefore of limited utility, if any, in this case.

5. The denials set forth by the trustee defendants in their statement pursuant to S.D.N.Y. Rule 9(g) do little to refine the factual issues presented in this motion.

20 (2d Cir. 1975); *see also FLLI Moretti Cereali v. Continental Grain Company,* 563 F.2d 563, 565 (2d Cir. 1977). Therefore, it must be assumed that the movants, as fund consultants, had certain obligations with regard to the funds.

█ Plaintiffs, however, have not supplied any authority to articulate the professional standard asserted against the movants. Though plaintiffs assert that the movants failed to advise the trustee defendants about the Durst defalcations and other factors contributing to the funds' insolvency, no evidence is offered to establish such factors as negligence in opposition to this motion. The movants' specific assertions that their duties were, in fact, performed are in no way rebutted other than by an attorney's representation that expert testimony on the issue will be presented on trial.

A factual dispute as to the movants' performance of their obligations might have been presented through expert or other testimony on behalf of the plaintiffs or the trustee defendants. Nonetheless, in the absence of anything more than attorneys' unsupported assertions that a standard of care has been breached in a manner not yet articulated, the motion by defendants Comerford, Gerald, and Comerald Associates, Incorporated, will be granted.

IT IS SO ORDERED: