**REVLON, INC., a Delaware corporation, Plaintiff,**

v.

**CARSON PRODUCTS CO., a Georgia corporation, Defendant.**

No. 82 Civ. 4326.

United States District Court, S.D. New York.

Sept. 23, 1983.

Thomas G. Carulli, Gerald W. Griffin, Cooper, Dunham, Clark, Griffin & Moran, New York City, Herbert Cohen, George C. Myers, Jr., Wigman & Cohen, Arlington, Va., for plaintiff.

Gerard F. Dunne, Wyatt, Gerber, Shoup, Scobey & Badie, New York City, William H. Needle, Lawrence K. Nodine, Atlanta, Ga., for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff moves for summary judgment in this action for a declaratory judgment of invalidity, under 35 U.S.C. §§ 102 and 103, of two patents owned by defendant. The two patents relate to hair straightening and curling (waving) compounds and processes. Plaintiff claims that (1) both patents were anticipated by prior patents issued to L'Oreal in 1975 and by a 1933 article by E.K. Moore, "The Influence of Various Nitrogen Compounds on Unhairing with Calcium Hydroxide Suspensions," and (2) the subject matter of the patents was obvious to a chemist with ordinary skill in the art of hair treatments.

Summary judgment under Fed.R.Civ.P. 56 is a drastic remedy—one that our Court of Appeals has applied "with some timidity" to insure that a litigant is not deprived of the right to a jury trial.[1] It is granted only when there is no genuine issue as to any material fact.[2] In this action there are such issues which require a trial.

The Court need detail only a few of the disputed fact issues. Defendant's patents claim a hair straightening and waving compound that has guanidine hydroxide as its principal active ingredient. Plaintiff's claim of obviousness rests on the following assertions: (1) the prior art, including the Moore article and the L'Oreal patents, disclose that a mixture in which calcium hydroxide and guanidine carbonate react is an effective hair treatment compound; (2) guanidine hydroxide is the necessary and irrevitable result of the reaction between calcium hydroxide and guanidine carbonate; and (3) one with ordinary skill in the art of hair treatment, knowing that the combination of guanidine carbonate and calcium hydroxide forms guanidine hydroxide, would expect guanidine hydroxide to be effective in straightening and waving hair.

Defendant disputes first that the Moore article is pertinent prior art to support the

---

1. *Applegate v. Top Associates,* 425 F.2d 92, 96 (2d Cir.1970).

2. *Flli Moretti Cereali v. Continental Grain Co.,* 563 F.2d 563 (2d Cir.1977).

claim of anticipation or obviousness. Moore's research related to the effect of various nitrogen compounds on the unhairing rate of calcium hydroxide suspensions applied to animal hides. Plaintiff submits substantial evidence that various experts, including, it contends, defendant's own experts, consider the art of dehairing to be relevant to the art of human hair straightening. However, defendant submits affidavits from other experts who maintain that the two arts are not related or analogous, as well as an affidavit from one of the experts plaintiff cites which "explains" his position.[3] Defendant also points to a Fourth Circuit decision in which animal dehairing was found to be not analogous to human hair removal (depilation).[4] The disputed issue regarding the relationship between the two arts is material and forecloses grant of summary judgment.[5]

Defendant also submits affidavits from various experts who maintain that rather than disclosing a mixture in which calcium hydroxide and guanidine carbonate react, the L'Oreal patents and Moore article disclose the use of guanidine as a catalyst that does not react with the calcium hydroxide. Further, defendant offers evidence vigorously contesting plaintiff's assertions that a chemist with ordinary skill in the art would expect guanidine hydroxide to result from a mixture of guanidine carbonate and calcium hydroxide, and that such a chemist would expect guanidine hydroxide to serve as an effective hair straightener.

In sum, plaintiff has not sustained the burden of demonstrating "the absence of any material fact genuinely in dispute."[6] It is not without significance that the pretrial order stipulates that "One of ordinary skill in the art to which the inventions of the patents in suit pertain is a chemist with

a graduate degree or an undergraduate degree and experience in the field of cosmetics." The Court does not meet that qualification—the testimony of those who do may be helpful in resolving the disputed fact issues. Accordingly, the motion for summary judgment is denied.

So ordered.

---

3. Plaintiff argues that the Court should not consider defendant's affidavits because they contradict the "admissions" defendant's witnesses and experts made in deposition testimony. *See Reisner v. General Motors Corp.,* 671 F.2d 91, 93 (2d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). The Court need not address that question, however, because defendant submits evidence other

than the allegedly contradictory affidavits that is sufficient to raise material issues of fact.

4. *Hutzler Brothers Co. v. Sales Affiliates,* 164 F.2d 260, 264–65 (4th Cir.1947).

5. *See* 35 U.S.C. § 103.

6. *Flli Moretti, supra* note 2, at 565.