■ AMERICAN BAG & METAL Co., INC., Respondent, v ALCAN ALUMINUM CORPORATION, ALCAN SHEET & PLATE DIVISION, Appellant.—Order unanimously modified, on the law, and as modified, affirmed, with costs to respondent, in accordance with the following memorandum: Special Term properly denied defendant's motion for summary judgment dismissing the first two causes of action. In the first cause of action plaintiff sues for breach of contract as assignee of Gene's Enterprises' contract with defendant, Alcan Aluminum Corporation (Alcan), under which Gene's Enterprises agreed to dismantle and remove a heavy-gauge stretching machine located at Alcan's plant in Oswego. Alcan asserts that the assignment from Gene's Enterprises to plaintiff is expressly prohibited by a provision in condition 18 of its contract with Gene's Enterprises and that, moreover, because of another prohibition in condition 18, no change, modification or waiver of the contract could be effective unless in writing and duly executed by an agent of defendant *(see,* General Obligations Law § 15-301).

The purported assignment from Gene's Enterprises to plaintiff is set forth in a document entitled "Sales Contract" dated December 15, 1978 which provides, among other things, that Gene's Enterprises "surrenders all right and title to any assets arising from [its contract with Alcan], other than those specified in this contract" and that "Gene's Enterprises will not be held liable for any expenses resulting from this contract." Under the December 15, 1978 document, plaintiff agrees to remove the machine and to abide by all the conditions in the Alcan contract. We hold, construing the December 15, 1978 document in its entirety, that it constitutes an assignment to plaintiff of Gene's Enterprises' rights under its contract with Alcan *(see, Coastal Commercial Corp. v Kosoff & Sons,* 10 AD2d 372, 376; 6 NY Jur 2d, Assignments, § 1, at 232). Plaintiff is not a subcontractor of Gene's Enterprises and, thus, the cases relied on by Alcan *(see, e.g., Schuler-Haas Elec. Corp. v Wager Constr. Corp.,* 57 AD2d 707; *Data Elec. Co. v Nab Constr. Corp.,* 52 AD2d 779), holding that a subcontrac-

tor has no right to sue an owner with whom it is not in privity, are not controlling.

The affidavits show that there are factual issues pertaining to whether Alcan knew that Gene's Enterprises was unable to handle the job and obtain the necessary insurance and that Gene's Enterprises intended to complete the contract through its assignee, and pertaining to whether Alcan through its actions acquiesced in the assignment of the contract from Gene's Enterprises to plaintiff and, in its meetings with plaintiff and in its declarations, led plaintiff to believe that it approved the assignment to plaintiff and would accept plaintiff's intended performance of the contract, and pertaining to whether plaintiff and Gene's Enterprises changed their positions in reliance on Alcan's statements and conduct. A trier of fact could conclude that Alcan had waived the provision prohibiting assignment in condition 18 or that, through its conduct and declarations, it should be estopped from relying on said provision (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 402-403; Devlin v Mayor, Aldermen & Commonalty of City of N. Y., 63 NY 8, 14; Restatement [Second] of Contracts § 323 comment c, at 36; see also, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 186).

Moreover, contrary to Alcan's contention, General Obligations Law § 15-301 does not constitute a defense which, as a matter of law, requires dismissal of the first two causes of action because the contract contains a provision (condition 18) to the effect that changes, modifications or waivers of the agreement to be effective must be in writing and executed by a duly authorized agent of defendant. Such a provision may be waived (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra, p 186), and a party may by its conduct and words be estopped from invoking the provisions in General Obligations Law § 15-301 (see, Rose v Spa Realty Assoc., 42 NY2d 338, 341, 344, 345-346). The record shows that there are factual issues pertaining to waiver and to whether defendant should be estopped from asserting a defense under General Obligations Law § 15-301.

In the second cause of action plaintiff sues as assignee under an instrument dated March 21, 1980 of Gene's Enterprises' breach of contract action against Alcan. Such an assignment is effective (see, General Obligations Law § 13-101; Devlin v Mayor, Aldermen & Commonalty of City of N. Y., supra, p 15). Contrary to defendant's contention, the assignment is not barred by Judiciary Law § 489 inasmuch as the assignee has such a relationship with the assignor "as to give it a substan-

tial and legitimate interest on the transactions involved in the suit" *(American Express Co. v Control Data Corp.,* 50 AD2d 749, 750; *see, Williams Paving Co. v United States Fid. & Guar. Co.,* 67 AD2d 827, 828). Assuming that it is found that the provisions of condition 18 of the contract between Gene's Enterprises and Alcan are no bar, Gene's Enterprises could perform the contract through its assignee, plaintiff. Thus, Gene's Enterprises had a breach of contract action which could be assigned under the instrument of March 21, 1980 to plaintiff.

The order should be modified by granting Alcan's motion and dismissing the third cause of action for specific performance. It is unrefuted that the heavy-gauge stretcher was sold to and dismantled by a third party pursuant to an agreement dated August 1, 1979. Thus, specific performance as a practical matter would be impossible. Moreover, since we have determined that plaintiff's first two causes of action should stand, plaintiff has an adequate remedy at law and for that reason its cause of action for specific performance will not lie *(see,* 55 NY Jur, Specific Performance, § 8). (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—summary judgment.) Present—Dillon, P. J., Hancock, Jr., Callahan, Pine and Schnepp, JJ.