We affirm the judgment of the district court granting summary judgment to A & A. @

**Arthur T. VITELLO, Sr., Plaintiff–Appellant,**

v.

**John AMBROGIO, Defendant–Appellee.**

**No. 630, Docket 97–7415.**

United States Court of Appeals, Second Circuit.

Argued Nov. 17, 1997.

Decided Dec. 2, 1997.

John R. Williams, New Haven, Connecticut, for Plaintiff–Appellant.

John J. Kelly, Orange, Connecticut (Cantor, Floman, Russell, Gross, Kelly & Amendola, Orange, Connecticut, on the brief), for Defendant–Appellee.

Before: KEARSE and CARDAMONE, Circuit Judges, and LEISURE, District Judge *.

PER CURIAM:

■ Plaintiff Arthur T. Vitello, Sr., appeals from a final judgment entered in the United States District Court for the District of Connecticut, Alfred V. Covello, *Judge,* dismissing his complaint under 42 U.S.C. § 1983 (1994) alleging that defendant John Ambrogio denied him due process and equal protec-

tion in rejecting Vitello's application, made in accordance with state law, for a pistol permit. Following an unrecorded settlement conference among the parties and the court immediately before the scheduled trial of the action, the district court *sua sponte* dismissed the action, stating, *inter alia,* that

> [i]n the within case, the plaintiff never filed an appeal to the superior [state] court and, therefore, failed to pursue the process that he claims he is due. Accordingly, to the extent the plaintiff's claims are based upon a deprivation of due process, they are hereby dismissed as the plaintiff never pursued the requisite process.

Order of Dismissal dated February 27, 1997, at 2. The district court's factual premise for this disposition—Vitello's failure to appeal the denial of his permit application—is not reflected in the record. Defendant made no motion for summary judgment to which Vitello could have responded, and hence it is not clear that the material facts are undisputed. Accordingly, the summary dismissal of Vitello's due process claim was inappropriate.

■ The court also summarily dismissed Vitello's equal protection claim, stating that Vitello had not demonstrated that his application received disparate treatment:

> The court concludes that the record fails to establish that the defendants intended to discriminate against the plaintiff or that a government officer deliberately interpreted a statute against the plaintiff.

*Id.* at 3. The summary dismissal of this claim in the absence of a motion for summary judgment and in the absence of (a) notice from the court that it was considering such a disposition and (b) an opportunity for Vitello to respond to a precise delineation of the material facts supposedly not genuinely in dispute, was likewise inappropriate. *See, e.g., Hispanics for Fair and Equitable Reapportionment v. Griffin,* 958 F.2d 24, 25 (2d Cir.1992) (per curiam); *FLLI Moretti Cereali S.P.A. v. Continental Grain Co.,* 563 F.2d 563, 565 (2d Cir.1977).

---

* Honorable Peter K. Leisure, of the United States District Court for the Southern District of New York, sitting by designation.

The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion. We express no view as to whether or not a summary disposition will be appropriate on the record developed on remand.

Plaintiff shall recover his costs in connection with this appeal.