15-210-cv
Casolaro v. Armstrong

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
                  REENA RAGGI,
                  CHRISTOPHER F. DRONEY,
                          *Circuit Judges*.

-------------------------------------------------------------------------

CHARLES CASOLARO, individually, CASOLARO & ASSOCIATES, P.C., CHARLES JOHN CASOLARO, as the Legal Guardian of Albert Casolaro and the Administrator of the Estate of Albert Casolaro, GENE GREGORY VOULO, individually, SOUTHFORK EQUITY GROUP, LLC,

                          *Plaintiffs-Appellees*,

                  v.                                              No. 15-210-cv

SCOTT ARMSTRONG,

                          *Defendant-Appellant*,

THALIA STREET, LLC and TRANSCEND CAPITAL, LP,

                          *Defendants*.

-------------------------------------------------------------------------

FOR APPELLANT:              Kenneth F. McCallion, McCallion & Associates LLP,
                                   New York, New York.

FOR APPELLEES:              No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 29, 2014, is AFFIRMED.

Defendant Scott Armstrong appeals from a judgment entered after a bench trial in favor of plaintiffs Charles Casolaro and Gene Voulo on their breach of contract claim. Armstrong argues that the district court erred in concluding that, under the parties' Purchase and Sale Agreement ("PSA") and Settlement Agreement, plaintiffs (1) adequately performed their obligation to relinquish ownership in a collateralized mortgage obligation (the "CMO tranche") to Armstrong, thus entitling them to damages for Armstrong's failure to pay the contractual purchase price by July 6, 2010; and (2) have not yet released Armstrong from all potential claims related to that tranche. In reviewing a judgment entered after a bench trial, we review the district court's conclusions of law de novo and its findings of fact for clear error. See Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Armstrong argues that plaintiffs are not entitled to damages for breach of contract because they have not satisfied their PSA obligation to transfer title in the CMO tranche. See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011) (explaining that, in breach of contract action, plaintiff must prove (1) existence of contract, (2) plaintiff's performance of its contract obligations, (3) defendant's breach of

2

contract, and (4) ensuing damages). Armstrong contends that the agreements unambiguously state that title in the tranche does not transfer until his payment of the purchase price, which has not yet occurred. Upon de novo review, see Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 139 (2d Cir. 2000), we conclude, for substantially the reasons stated by the district court, that the PSA is ambiguous as to whether the parties intended the CMO tranche title to transfer to Armstrong when (1) the parties executed the agreements, or (2) plaintiffs received Armstrong's payment of the $420,000 purchase price, and, therefore, the district court was entitled to consider extrinsic evidence in concluding the former.[1]

In arguing that the PSA unambiguously demonstrates the parties' intent for transfer to occur upon payment, Armstrong relies on PSA §§ 1.1 and 2.3, which together provide that as of "the effective date of this Agreement, which shall be upon receipt by [plaintiffs] of the Purchase Price," PSA § 1.1, plaintiffs "will cease to have any right, title or interest whatsoever in the CMO," id. § 2.3. This argument, however, ignores § 2.1 of the PSA, which states that "[u]pon execution of this Agreement, [plaintiffs] relinquish and will convey any and all right, title and interest in and to the CMO to [Armstrong]." Id. § 2.1 (emphasis added). Accordingly, "read[ing] the integrated agreement as a whole," Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d 63, 69 (2d Cir. 2011), as we must, we conclude that these seemingly contradictory provisions render the contract ambiguous as to when the parties intended title to transfer, allowing the district

---

[1] Because we affirm the conclusion that ownership passed to Armstrong at the time the agreements were executed, his argument that plaintiffs still own the tranche and, therefore, have not suffered damages, necessarily fails.

3

court to consider extrinsic evidence to resolve the ambiguity, see FLLI Moretti Cereali

S.p.A. v. Continental Grain Co., 563 F.2d 563, 566 (2d Cir. 1977) (identifying ambiguity

in conflicting assignment provisions regarding rights transfer, permitting parties to

"present extrinsic evidence to aid in interpreting" assignment). Armstrong does not

dispute the district court's finding, based on extrinsic evidence, that the parties intended

title to transfer at the time the agreements were executed, and, thus, his challenge to the

finding that plaintiffs adequately performed their transfer obligation under the PSA fails.[2]

Armstrong maintains that it was "illogical[]" for the district court to conclude that

title in the CMO tranche transferred at the time of the agreements' execution, but that

plaintiffs' claims against Armstrong are not released until his payment of the purchase

price. In fact, the latter conclusion is based on unambiguous language in § 1.3 of the

Settlement Agreement stating that plaintiffs "agree that upon receipt of the Settlement

Payment . . . [plaintiffs'] claims are fully and forever released." Settlement Agreement §

1.3 (emphasis added). Armstrong contends that this provision is rendered ambiguous by

§§ 3.1 and 3.3 of the Settlement Agreement, which state that Voulo and Casolaro "hereby

fully and forever release[] and discharge[]" Armstrong from all claims related to the

CMO tranche. Like the district court, however, we do not think use of the word "hereby"

in §§ 3.1 and 3.3—without a more specific indication that the parties intended claims to

---

[2] Insofar as Armstrong contends that the parties intended title to transfer only after he consummated the sale of the CMO tranche to a third party, that argument is foreclosed by the district court's conclusion at summary judgment—which Armstrong does not challenge on appeal—that such an alleged condition precedent was not included in the PSA or Settlement Agreement, and would be inconsistent with the PSA's unambiguous language providing for payment by a specific date.

4

be released before payment, i.e., upon execution of the agreements—is sufficient to create ambiguity in the face of § 1.3's clear expression of the parties' intent that the claims be released upon plaintiffs' receipt of payment.  See Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d at 70–71 (concluding that express contract provision for certain business to be transferred was not rendered ambiguous by omission of that business from second provision listing transferred businesses because nothing in second provision indicated intent to be exhaustive).  Thus, the district court did not err in concluding, based on the unambiguous language of § 1.3, that plaintiffs had not yet released their claims due to Armstrong's failure to pay the purchase price.

We have considered Armstrong's remaining arguments and conclude that they are without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court