Jasen, J.
The subject of this litigation is a dispute between plaintiff’s predecessor in interest, Republic Aviation Corporation (Republic), and McDonnell Aircraft Corporation, a predecessor corporation of McDonnell Douglas Corporation (McDonnell).
In May, 1962, Republic entered into an agreement with McDonnell, whereunder it agreed to manufacture for McDonnell various aircraft assemblies for the Phantom F-4 jet fighter-bomber. McDonnell was to supply the tools and drawings required to produce these assemblies. After receiving these tools and drawings, Republic claimed that there were numerous defects in them, which caused it to incur greater production costs. Republic subsequently asserted a claim against McDonnell for these losses.
On September 30, 1968, Fairchild Hiller Corporation (Fair-child) and Farmingdale Company (Farmingdale) acquired the assets of Republic. Fairchild purchased the operating assets of Republic, while Farmingdale acquired certain nonoperating fixed assets of Republic—principally real estate which Fairchild was not interested in purchasing.
Since the operating assets obtained by Fairchild included all outstanding contracts and their related claims, Fairchild acquired Republic’s claim against McDonnell. As to this claim, Fairchild and Farmingdale entered into a separate agreement which provided that in the event of recovery by Fairchild against McDonnell, Fairchild would turn over to Farmingdale 75% of the net proceeds received by Fairchild. The sharing agreement between the parties specifically provided that: 11 Fairchild shall take any and all action, enter into any and all consultations, negotiations and proceedings directed toward the settlement or satisfaction of the McDonnell Claim, and accept any settlement or make any disposition of such claim, all as Fairchild in its sole discretion may determine, including, without limiting the generality of the foregoing, arbitration, conciliation and mediation proceedings, actions at law and suits in equity, and execution and delivery of change orders, modifications and releases. Fairchild shall not be obligated to obtain the consent of Farmingdale thereto. ’ ’
*329 After two years of unsuccessful negotiations to settle the claim, Fairchild, as assignee, brought this action against McDonnell seeking fifteen million dollars in damages.
McDonnell moved for summary judgment to dismiss the complaint and Fairchild cross-moved for an order to dismiss the ‘1 Eleventh ”, “ Twelfth ’ ’ and ‘ ‘ Thirteenth ’ ’ affirmative defenses. In the ‘ ‘ Eleventh ’ ’ defense, it is alleged, in substance, that the assignment of the claim by Republic to Fairchild is champertous and, therefore, in violation of section 489 of the Judiciary Law. The “ Twelfth ” defense alleges that Farming-dale, not Fairchild, is the real party in interest, and in the ‘ ‘ Thirteenth ’ ’ defense, the allegation is made that Farmingdale is a necessary party to the action.
At Special Term, the court denied McDonnell’s motion for summary judgment and granted Fairchild’s motion to dismiss the afore-mentioned affirmative defenses. The Appellate Division (two Justices dissenting), in reinstating the affirmative defenses, was “ of the opinion that questions of fact exist as to the three affirmative defenses which cannot be resolved without a trial.”
We agree with the dissenters below that the three affirmative defenses in the answer were properly dismissed.
Section 489 of the Judiciary Law provides in pertinent part: “ [N]o corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon ’ ’. The legislative concern is clear. To prevent the resulting strife, discord and harassment which could result from permitting attorneys and corporations to purchase claims for the purpose of bringing actions thereon, the Legislature enacted sections 274 and 275 of the former Penal Law (the predecessor statutes to § 488 and § 489) declaring the practice of champerty and maintenance to be illegal. (See Ransom v. Cutting, 188 N. Y. 447, 452.) “ Time-honored public policy is reflected in the purpose of the statute, which is the prevention of champertous agreements and the unauthorized practice of law by corporations.” (7 N. Y. Jur., *330 Champerty and Maintenance, § 2, p. 477; see, also, Transbel Inv. Co. v. Roth, 36 F. Supp. 396, 398 [S. D. N. Y.].)
We have consistently held that in order to fall within the statutory prohibition, the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose. (Moses v. McDivitt, 88 N. Y. 62, 65.) More recently, in Sprung v. Jaffe (3 N Y 2d 539, 544), we stated: “ the statute is violated only if the primary purpose of the purchase or taking by assignment of the thing in action is to enable the attorney to commence a suit thereon. The statute does not embrace a case where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent.”
Although the question of intent and purpose of the purchaser or assignee of a claim is usually a factual one to be decided by the trier of facts (Sprung v. Jaffe, supra; see Carpenter v. Cummings, 20 Misc. 661; 14 C. J. S., Champerty and Maintenance, § 49, p. 388), the undisputed facts in this case, as developed by the extensive pretrial discovery, establish that Fairchild did not receive the assignment of the claim for the sole and primary purpose of bringing an action on the assignment. Fairchild’s primary purpose, as the record indicates, was to acquire Republic’s operating assets. The acquisition of the claim was simply an incidental part of a substantial commercial transaction, taken in order to induce Farmingdale to take part in the acquisition by purchasing Republic’s non-operating assets. Under such circumstances, it can by no means be said to be champertous. Consequently, we conclude that the assignment was not within the reach of section 489 of the Judiciary Law.
Turning to the “ Twelfth ” affirmative defense — that Farmingdale, and not Fairchild, is the real party in interest—we find the assignment from Republic to Fairchild to be absolute on its face. Moreover, the sharing agreement between Fair-child and Farmingdale makes it abundantly clear that title to the cause of action, as well as control over the claim with respect to litigation or settlement, resides with Fairchild. Thus, regardless of the use to be made of any proceeds collected, pursuant to the sharing agreement, Fairchild, the assignee, is the real party in interest. (Sprung v. Jaffe, supra, at p. 545; *331 Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479, 480-481; Sheridan v. Mayor of New York, 68 N. Y. 30; Allen v. Brown, 44 N. Y. 228; Cummings v. Morris, 25 N. Y. 625.)
As to the “ Thirteenth ” affirmative defense — that Farming-dale is a necessary party to this action — the record is clear that Farmingdale has no legal title to the claim, hut must rely completely for any contribution on the separate Sharing Agreement between it and Fairchild. Consequently, it cannot be said that Farmingdale is a necessary party. (Cf. Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 401.)
Finally, we find no merit in McDonnell’s argument that the affirmative defenses should not be dismissed because it has not had full discovery of the facts relating to these defenses. Unlike the situations present in Jered Constr. Corp. v. New York City Tr. Auth. (22 N Y 2d 187), Terranova v. Emil (20 N Y 2d 493), and Procter & Gamble Distr. Co. v. Lawrence Amer. Field Warehousing Corp. (16 N Y 2d 344), which cases McDonnell relies on, extensive pretrial discovery had already been conducted in this action.
McDonnell, before it moved for summary judgment, examined Fairchild’s president, all the documents relating to Fairchild’s purchase of Republic’s operating assets, Fairchild’s board minutes relating to the acquistion, the memorandum of understanding among Republic, Fairchild and Farmingdale outlining the transaction and the sharing agreement between Farming-dale and Fairchild. In addition, McDonnell also examined, pursuant to subpoena, Farmingdale’s records relating to the purchase of Republic’s nonoperating assets. .
On the basis of these examinations, and the discovery proceedings in a prior related action, we agree with the dissenters below that “ a record sufficiently complete to justify dismissal of these defenses at this time ” has been produced.
Accordingly, the order, insofar as appealed from, should be reversed by dismissing the “Eleventh”, “Twelfth” and “ Thirteenth” affirmative defenses, and the question certified answered in the negative.
Chief Judge Fuld and Judges Scileppi, Bergan, Bbeitel and G-ibson concur; Judge Burke taking no part.
*332 Order reversed, with costs, and the case remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.