■ TALREP, LTD., Respondent, v STATE OF NEW YORK et al., Defendants, and GASTON PERDIOLAT et al., Appellants.—Order, Supreme Court, New York County, entered on January 23, 1976, affirmed, on opinion of Helman, J., at Special Term. Respondent shall recover of appellants $60 costs and

disbursements of this appeal. Concur—Stevens, P. J., Lupiano, Lane and Lynch, JJ.; Kupferman, J., dissents in the following memorandum: While it is conceded that the rights of second and third mortgagees are subsidiary to that of the first mortgagee, and the priority may not lightly be disturbed, (cf. *Jo Ann Homes v Dworetz* , 25 NY2d 112, 122), this case involves some disquieting aspects of the relationship. A savings bank had a first mortgage on premises on East 78th Street in Manhattan. Two weeks after it became due, the plaintiff-respondent here acquired the mortgage for the full amount due plus interest to date. It then claimed as due on the mortgage an amount substantially in excess thereof. Further, the fee owner of the property, a partnership, turned over to the plaintiff-respondent, the new first mortgagee, by stipulation, possession, operation and control of the premises as part of a standard assignment of rents. There had been default not only with respect to the first mortgage, but also as to the second and third mortgage, as well as payment of taxes, water and sewer rent, the latter involving the municipality. A mortgage foreclosure proceeding was commenced by the plaintiff-respondent. The verification of the complaint was notarized by a member of the general partnership which owned the premises, and that same person served the City of New York on behalf of the plaintiff-respondent in the foreclosure proceeding, and is the counsel for the general partnership which owns the premises. Two of the members of the fee-owning partnership are stockholders, albeit minority stockholders, of the plaintiff-respondent corporation, the new first mortgagee by assignment. Having this state of affairs, the second and third mortgagees can only view the matter with trepidation as to their subsidiary interests. The plaintiff-respondent corporation moved to restrain them from obtaining the appointment of a receiver during the pendency of the foreclosure proceeding, and this was granted. The majority of this court now affirms that determination. A receiver, an officer of the court (see McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 6401, 1975–1976 Supplement, p 96), could look into this matter and preserve the rights both of the municipality and the honest relative priorities of the parties. Where there is smoke, there does not necessarily have to be fire, but it does stimulate the olfactory organ. A *laissez faire* attitude or washing of hands a la Pilate (Matthew 27; 24) does not do justice to this strange situation. Nor is it a solution to say that it is without prejudice to any action the second and third mortgagees may care to take if anything amiss occurs. In my view, therefore, it is not necessary to reach the defendants-appellants' contention under section 489 of the Judiciary Law that there was champertous transfer to a corporation, the plaintiff-respondent, which seemingly purchased this mortgage solely to bring the foreclosure action thereon. (See *Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330; *American Express v Control Data,* 51 AD2d 749.)