■ DONALD A. CAPOBIANCO, Appellant, v HALEBASS REALTY, INC., Respondent, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered October 12, 1978 as, in denying his motion for summary judgment, dismissed the complaint as champertous. Order reversed insofar as appealed from, with costs, and complaint reinstated. It is undisputed for the purposes of this appeal that the plaintiff, an attorney, *may* have taken the assignment of the subject mortgage in order to save his client embarrassment. It is well established that the acquisition of a claim is proscribed by statute (Judiciary Law, § 488) as champertous only if the *primary* purpose of the acquisition is to enable the attorney to commence a suit thereon, and that "The statute does not embrace a case where some other [legitimate] purpose induced the purchase, and the intent to sue [thereon] was merely incidental and contingent" *(Sprung v Jaffe,* 3 NY2d 539, 544). Thus an acquisition would not be champertous if the attorney had a legitimate business interest in acquiring the assignment, e.g., as an incidental part of a commercial transaction (see *Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325; *Gutterman v Klahr,* 65 AD2d 600), and we see no reason to distinguish the situation where it can be shown that the taking of the assignment formed part of an attorney's professional services to his client. Accordingly, as a triable issue of fact has been raised regarding the affirmative defense of champerty *(Sprung v Jaffe,* 3 NY2d 539, *supra),* dismissal of the complaint at the pleading stage was premature. Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.