■ CIT GROUP/EQUIPMENT FINANCING, INC., Appellant, v ABELE TRACTOR & EQUIPMENT COMPANY, INC., Respondent. [623 NYS2d 643] —Crew III, J. Appeal from that part of an order of the Supreme Court (Kahn, J.), entered January 24, 1994 in Albany County, which denied plaintiff's motion for summary judgment.

On March 15, 1989, Zeev Wolf purchased a hydraulic excavator from defendant at which time the parties executed a purchase contract/security agreement (hereinafter the security agreement). The security agreement provided, *inter alia,* for the manner of payment and that in the event of default, defendant could elect to have the contract balance become immediately due and payable and could assign the security agreement to plaintiff, who would thereafter have all the rights and remedies of defendant.

On the date of the sale, defendant and plaintiff entered into an assignment agreement whereby defendant assigned to plaintiff the security agreement and the security interest in the excavator. The assignment agreement provided, *inter alia,* that defendant guaranteed payment to plaintiff of each installment due from Wolf and the entire unpaid balance, upon demand, in the event of default by Wolf. The assignment agreement also provided for a repurchase of the security agreement for an amount equal to the unpaid balance, including interest and counsel fees, in the event defendant breached its guarantee of payment, except that defendant was relieved of the obligation to repurchase if Wolf made the first 30 installments called for by the security agreement.

Wolf failed to make certain payments due in 1992, as the result of which plaintiff accelerated the entire indebtedness under the security agreement and declared the entire unpaid balance due and payable. Plaintiff thereupon requested that defendant repurchase the security agreement and remit the amount of $103,623.09. Wolf then filed a petition pursuant to 1978 Bankruptcy Code (11 USC) ch 11 and, as a part of those

proceedings, entered into a stipulation with plaintiff permitting Wolf to make reduced monthly payments to plaintiff under the security agreement. Plaintiff then commenced the instant action against defendant seeking specific performance of the assignment agreement. Plaintiff and defendant each moved for summary judgment, which motions were denied. Plaintiff has appealed.

In support of its motion for summary judgment, plaintiff relied upon that portion of the assignment agreement which provides as follows: "Assignee [plaintiff] may at any time, without consent of Assignor [defendant], without notice to Assignor and without affecting or impairing the obligations of Assignor hereunder, do any of the following: (a) renew, extend, modify, release or discharge any obligation of a Buyer or any persons obligated on the contract or on any accompanying note or guaranty * * * (b) accept partial payments of the contract obligations; (c) accept new or additional documents, instruments or agreements relating to or in substitution of the contract obligations; (d) settle, release * * * compound, compromise, collect or liquidate any of the contract obligations and the security therefor in any manner".

It is clear that the plain language of the assignment agreement permitted plaintiff to enter into a stipulation with Wolf modifying his obligations under the security agreement without relieving defendant of its obligations under the assignment agreement. Contrary to defendant's assertion, plaintiff established its prima facie entitlement to summary judgment *(see, Northeast Sav. v Rodriguez,* 159 AD2d 820, 821, *appeal dismissed* 76 NY2d 889).

It is equally clear, however, that summary judgment nevertheless is not justified where the existence of essential facts depends upon knowledge exclusively within the possession of the moving party which might well be disclosed on examination before trial *(see, Baldasano v Bank of N. Y.,* 199 AD2d 184, 185). Here, defendant is entitled to discover whether Wolf made the first 30 installment payments called for by the security agreement, thereby relieving it of the obligation to repurchase. Moreover, defendant should be afforded discovery to determine the precise terms of the settlement stipulation in order to be able to determine the precise terms of the purchase contract plaintiff is seeking defendant to repurchase.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.