■ HOME INSURANCE COMPANY, Respondent-Appellant, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Also Known as

USAA, Appellant-Respondent. [692 NYS2d 121] —In an action, *inter alia*, to recover damages for breach of contract, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 7, 1998, as denied that branch of its motion which was for summary judgment dismissing the first cause of action in the complaint, alleging bad faith by the defendant in settling an underlying wrongful death action in the Supreme Court, Suffolk County, entitled *Lee v Savarese*, Index No. 23229, and the plaintiff cross-appeals, as limited by its brief, from so much of the order as denied its cross motion for partial summary judgment on the issue of liability on the first cause of action, and (2) the plaintiff appeals, as limited by its brief, from so much of an order of the same court, dated March 30, 1998, as, upon reargument, adhered to a prior determination in an order dated May 16, 1997, denying that branch of its motion which was for leave to amend the ad damnum clause of the complaint to demand damages in "the amount of the excess verdict that was entered as a judgment [in the underlying wrongful death action], less any amounts that were paid to reduce said judgment" plus interest from the date of the judgment in the underlying wrongful death action. The plaintiff's cross appeal from the order dated April 7, 1998, brings up for review so much of an order of the same court, dated July 21, 1998, as, upon reargument, adhered to its original determination in the order dated April 7, 1998 (*see,* CPLR 5517 [b]).

Ordered that the plaintiffs' cross appeal from so much of the order dated April 7, 1998, as denied its cross motion is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated July 21, 1998, made upon reargument; and it is further,

Ordered that the order dated March 30, 1998, is reversed insofar as appealed from, without costs or disbursements, and that branch of the plaintiff's motion which was for leave to amend the ad damnum clause of the complaint to demand damages in the amount of "the excess verdict that was entered as a judgment [in the underlying action], less any amounts that were paid to reduce said judgment" plus interest from the date of judgment in the underlying wrongful death action is granted; and it is further,

Ordered that the order dated April 7, 1998, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 21, 1998, is affirmed insofar as reviewed, without costs or disbursements.

During the trial of the underlying wrongful death action, the defendant insurer rejected an offer to settle the case for $100,000, the limit of its policy. The jury subsequently rendered a verdict in the amount of $600,178.46 against its insured. The insured assigned his bad faith claim (*see, Pavia v State Farm Mut. Auto Ins. Co.,* 82 NY2d 445) to the deceased's estate, which later assigned it to the plaintiff in settlement of a related action.

The Supreme Court properly denied the parties' respective motions for summary judgment on the bad faith cause of action since the record presents triable issues of fact as to whether the defendant insurer acted with "gross disregard" for the insured's interest (*see, Pavia v State Farm Mut. Auto Ins. Co., supra*). The record belies the defendant's claim that it relied upon the insured's version of the accident and denials of guilt in refusing the settlement offer (*cf., Pipoli v United States Fid. & Guar. Co.,* 31 NY2d 679, *affg* 38 AD2d 249).

Nor is there any merit to the defendant's claim that the plaintiff's action violated the prohibition against champerty set forth in Judiciary Law § 489. "[T]o fall within the statutory prohibition, the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose" (*Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 329-330). Here, the plaintiff did not take the assignment for the sole purpose of bringing suit, but to facilitate a settlement of a legal malpractice action against its insured (*see, Fairchild Hiller Corp. v McDonnell Douglas Corp., supra; Sprung v Jaffe,* 3 NY2d 539). Consequently, the defendant's motion to dismiss the complaint on that ground was properly denied.

However, the Supreme Court should have granted the plaintiff's motion for leave to amend the ad damnum clause of the complaint. As the assignee of the insured's bad faith cause of action, the plaintiff would be entitled to recover the amount of any excess verdict (*see, Soto v State Farm Ins. Co.,* 83 NY2d 718; *DiBlasi v Aetna Life & Cas. Ins. Co.,* 147 AD2d 93), and is not limited to the amount it paid for the assignment (*see, Tawil v Finkelstein Bruckman Wohl Most & Rothman,* 223 AD2d 52). Moreover, if successful, the plaintiff is entitled to interest through the date of judgment involving the bad faith cause of action, since the plaintiff would have been so entitled (*see, DiBlasi v Aetna Life & Cas. Ins. Co., supra;* CPLR 5001).

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.