■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v SUFFOLK PLACE ASSOCIATES, INC., et al., Defendants, and ESTATE OF JAMES J. SEWARD, Deceased, et al., Appellants. [704 NYS2d 300] —In an action to foreclose a mortgage, the defendants Estate of James J. Seward and Robert Piselli separately appeal, as limited by their briefs, from stated portions of an order of the Supreme Court, Nassau County (McCabe, J.), dated September 22, 1998, which, *inter alia,* granted the plaintiff's motion for a deficiency judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

RPAPL 1371 (2) requires that a motion for a deficiency judgment must be made within 90 days after the date the deed of conveyance is executed and delivered (*see, Lennar Northeast Partners Ltd. Partnership v Gifaldi,* 258 AD2d 240; *Atlantic Bank v Weiss,* 234 AD2d 240). Here, the Referee's deed was executed on February 18, 1998, and the plaintiff's motion for a deficiency judgment was made on April 15, 1998. Therefore, contrary to the appellants' contentions, the plaintiff's motion was timely (*see,* RPAPL 1371 [2]).

The appellants also contend that the foreclosure sale was unlawfully conducted on a public holiday, in violation of RPAPL 1408. However, the instant foreclosure sale is not governed by RPAPL article 14, which concerns nonjudicial foreclosure sales conducted, *inter alia,* after advertisement to the public. Rather, the sale here was conducted pursuant to RPAPL article 13, which governs foreclosures by action and contains no proscription against conducting a foreclosure sale on a public holiday.

The Supreme Court correctly determined that the plaintiff did not violate the prohibition against champerty (*see,* Judiciary Law § 489) by accepting an assignment of the mortgage note. "[T]o fall within the statutory prohibition, the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose" (*Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330). In the present case, the evidence indicates that the plaintiff took the assignment for a legitimate business purpose (*see, Small Bus. Admin. v Mills,* 203 AD2d 654; *Capobianco v Halebass Realty,* 72 AD2d 804).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.