■ HILL INTERNATIONAL, INC., et al., Respondents, v TOWN OF ORANGETOWN et al., Appellants. [736 NYS2d 77] —In an action to recover fees for engineering services, the defendants appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated March 16, 2001, which denied that branch of their motion which was to dismiss the complaint insofar as asserted by the Nanuet Union Free School District on the ground

that it is barred by Judiciary Law § 489, and failed to determine that branch of their motion which was to dismiss the complaint insofar as asserted by Hill International, Inc., on the ground that it is not a proper party to the action.

Ordered that the appeal is dismissed insofar as it relates to the Supreme Court's failure to determine that branch of the motion which was to dismiss the complaint insofar as asserted by Hill International, Inc.; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the Nanuet Union Free School District (hereinafter the School District) on the ground that it is barred by the statutory prohibition against champerty set forth in Judiciary Law § 489. Judiciary Law § 489 prohibits a corporation from "tak[ing] an assignment of * * * any claim * * * with the intent and for the purpose of bringing an action or proceeding thereon." To fall within the statutory prohibition, "the assignment must be made for the very purpose of bringing suit and this implies an exclusion of any other purpose * * * 'The statute does not embrace a case where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent' " (*Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325, 330, quoting *Sprung v Jaffe*, 3 NY2d 539, 544). Here, the School District submitted uncontroverted evidence that it agreed to pay a debt which the defendant Town of Orangetown (hereinafter the Town) allegedly owed to the plaintiff Hill International, Inc. (hereinafter Hill), in order to induce Hill to complete and deliver a cost analysis report which the Town and School District had jointly commissioned. As part of this transaction, Hill assigned its "right, title and interest in any cause of action it has against the Town" to the School District. Since the School District had a legitimate business purpose for paying the Town's alleged debt to Hill and accepting the assignment, the School District's intent to litigate the claim was incidental and contingent, and the assignment does not violate the prohibition against champerty (*see, Bluebird Partners v First Fid. Bank*, 94 NY2d 726; *Moses v McDivitt*, 88 NY 62; *Federal Deposit Ins. Corp. v Suffolk Place Assoc.*, 270 AD2d 304; *Home Ins. Co. v United Servs. Auto. Assn.*, 262 AD2d 452; *Williams Paving Co. v United States Fid. & Guar. Co.*, 67 AD2d 827; *see also, Elliott Assoc. v Banco de la Nacion*, 194 F3d 363).

The Supreme Court did not address that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by Hill on the ground that Hill is not a real party in interest. Accordingly, that branch of the motion is pending and undecided, and the defendants' argument regarding Hill's standing is not properly before this Court (*see, Katz v Katz,* 68 AD2d 536, 543; *see also, Clark v Ferzli,* 284 AD2d 425; *Chalasani v State Bank of India, N.Y. Branch,* 283 AD2d 601; *Matter of Valley Forge Ins. Co. v Schofield,* 283 AD2d 507). Altman, J.P., Adams, Townes and Prudenti, JJ., concur.