█ SB SCHWARTZ & COMPANY, INC., Appellant, v DAVID R. LEVINE, Respondent. [918 NYS2d 171]—

After the dissolution of Retail Realty, LLC (hereinafter Retail Realty), its two principals settled ensuing litigation between themselves by dividing the Retail Realty files and matters. As part of that settlement, a claim against Sunco Realty, LLC (hereinafter Sunco), or David R. Levine for a broker's commission allegedly earned by Retail Realty was assigned to the plaintiff, SB Schwartz & Company, Inc., a firm owned in part by Steven B. Schwartz, one of Retail Realty's principals. The plaintiff then commenced this action against Levine to recover the broker's commission. After discovery, the defendant moved for summary judgment dismissing the complaint under the doctrine of

champerty (*see* Judiciary Law §§ 488, 489), as well as to dismiss the complaint pursuant to CPLR 3211 (a) (7). The plaintiff cross-moved for leave to amend the complaint to substitute Sunco as the defendant, in place of Levine. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint under the doctrine of champerty, in effect, denied as academic that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and denied as academic the plaintiff's cross motion for leave to amend the complaint. The plaintiff appeals.

The doctrine of champerty, which was developed to "prevent or curtail the commercialization of or trading in litigation" (*Bluebird Partners v First Fid. Bank*, 94 NY2d 726, 729 [2000]), forbids, as that doctrine is defined in New York, the acquisition of a claim or debt for the primary purpose of commencing a lawsuit (*see Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp.*, 13 NY3d 190, 200 [2009]). Willingness to resort to litigation, however, will not render a transaction champertous if the primary purpose of the transaction is to enforce a legitimate claim, or if the party obtaining the claim or debt does so as part of a larger transaction and the intent to commence litigation is incidental to that larger transaction (*id.* at 201; *see Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325, 330 [1971]; *Red Tulip, LLC v Neiva*, 44 AD3d 204, 213-214 [2007]).

Contrary to the Supreme Court's determination, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on its defense of champerty. The defendant did not establish, prima facie, that the primary purpose behind the plaintiff's obtaining the broker's fee claim against Sunco or Levine was the commencement of litigation in itself, rather than the enforcement of a legitimate claim. Nor did the defendant establish, prima facie, that the plaintiff did not obtain the claim merely as an incidental part of a larger transaction (*see* Judiciary Law § 489 [1]; *Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp.*, 13 NY3d at 198-202; *Matter of Perciballi Assoc., LP v Corporate Natl. Realty, LLC*, 74 AD3d 976 [2010]; *Red Tulip, LLC v Neiva*, 44 AD3d at 214; *Home Ins. Co. v United Servs. Auto. Assn.*, 262 AD2d 452, 454 [1999]). Consequently, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground of champerty.

Inasmuch as the Supreme Court, in effect, denied as academic that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and. denied as academic the plaintiff's cross motion for leave to amend the complaint to substitute Sunco as a defendant in place of Levine, we remit the matter to the Supreme Court, Nassau County, for determinations of the cross motion and that branch of the motion (*see Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]; *Metropolitan Prop. & Cas. Ins. Co. v Village of Croton-on-Hudson*, 44 AD3d 724 [2007]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.