*53 OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $3,513.27 for breach of a credit card agreement and based on an account stated. Plaintiff alleged in the complaint that it is the owner and assignee of a consumer debt owed by defendant upon a credit card account. Defendant served an answer wherein he asserted “[Recoupment and setoff in the sum of $2,000,000” as his affirmative defense and counterclaim. Plaintiff moved to dismiss the counterclaim pursuant to CPLR 3211 (a) (7), and defendant cross-moved for summary judgment dismissing the complaint. By order entered June 18, 2010, the District Court granted plaintiffs motion and denied defendant’s cross motion.
On appeal, defendant contends that the assignment of the claim violated the doctrine of champerty under Judiciary Law § 489 (1), and that the counterclaim should not have been dismissed for failure to state a cause of action.
Contrary to defendant’s contention, the assignment of the claim to plaintiff did not violate the doctrine of champerty (see Judiciary Law § 489). A corporation that takes an assignment of a claim does not violate Judiciary Law § 489 (1) if the “primary purpose of the transaction is to enforce a legitimate claim, or if the party obtaining the claim or debt does so as part of a larger transaction and the intent to commence litigation is incidental to that larger transaction” (SB Schwartz & Co., Inc. v Levine, 82 AD3d 742, 743 [2011]; see Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 200 [2009]). In the instant case, defendant failed to establish that the primary purpose of the assignment of the claim to plaintiff was to commence litigation. The documentary evidence established that plaintiff sought to negotiate a payment plan with defendant. Thus, litigation was merely an incident to the larger transaction (see Fairchild Hiller Corp. v McDonnell Douglas Corp., 28 NY2d 325, 330 [1971]; SB Schwartz & Co., Inc., 82 AD3d at 743). Consequently, the court properly denied defendant’s cross motion for summary judgment dismissing the complaint.
With respect to so much of the order as granted plaintiffs motion to dismiss the counterclaim on the ground that the counterclaim failed to state a cause of action, we agree with the court’s determination. While the counterclaim is an indorsed *54 pleading (see UDCA 902) and the only substantive pleading requirement of such an indorsed pleading is that it shall set forth the “nature and substance of the cause of action” (UDCA 902 [a] [1]), this requirement was not satisfied here.
Accordingly, the order is affirmed.
Tanenbaum, J.E, Nicolai and Molía, JJ., concur.