OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff M.VB. Collision, Inc., doing business as Mid-Island Collision (M.VB.), an automobile repair facility, repaired a vehicle belonging to Robert Hickey, which had been damaged in an accident. Hickey’s insurer, defendant Allstate Insurance Company (Allstate) had agreed to pay Hickey $15,746.18 for the repair, which it considered the fair and reasonable cost of that repair. M.VB., on the other hand, maintained that $21,448.94 was the fair and reasonable cost of the repair. After completing the repairs, M.VB. had Hickey sign an “Assignment and Loan Agreement” under which he assigned to M.VB. his rights to pursue the remaining $5,702.76, in exchange for M.VB.’s agreement to waive any claims against him personally with regard to its repair costs. Shortly thereafter, M.VB., as assignee, commenced this action.
Allstate moved to dismiss the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment, alleging that M.VB. had acquired the assignment for purposes of bringing suit and, in doing so, had violated New York’s champerty statute (Judiciary Law § 489 [1]). M.VB. opposed the motion, arguing that it had legitimate reasons for entering into the assignment. The District Court, in a June 10, 2009 decision (25 Misc 3d 168 [2009]), ordered a hearing to determine M.VB.’s purpose in obtaining the assignment. In a subsequent, July 16, 2009 decision (24 Misc 3d 1223[A], 2009 NY Slip Op 51580DJ], *2 [2009]), the District Court set forth the “burden-shifting protocol” to be applied at the hearing. Prior to the hearing, the Court of Appeals decided the case of Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp. (13 NY3d 190, 195 *39 [2009]), wherein the Court held that “a corporation or association that takes an assignment of a claim does not violate Judiciary Law § 489 (1) if its purpose is to collect damages, by means of a lawsuit, for losses on a debt instrument in which it holds a preexisting proprietary interest.”
Following the hearing on the motion, the District Court, by order dated May 5, 2010 (27 Misc 3d 1166 [2010]), denied defendant’s motion, concluding that while M.VB. had intended that the assignment be used in its dispute with Allstate regarding the labor rate paid by Allstate, and that litigation was the vehicle through which M.VB. would be using the assignment, M.VB. had met its burden of proving that it had a legitimate and proper business purpose in obtaining the assignment.
We affirm the order.
Under Judiciary Law § 489 (1), a corporation or association may not
“solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon.”
In describing champerty in terms of an acquisition made with the purpose of bringing a lawsuit (see e.g. Bluebird Partners v First Fid. Bank, 94 NY2d 726 [2000]), the Court of Appeals distinguished “between one who acquires a right in order to make money from litigating it and one who acquires a right in order to enforce it” and has noted that New York cases agree that “if a party acquires a debt instrument for the purpose of enforcing it, that is not champerty simply because the party intends to do so by litigation. The inquiry into purpose is a factual one” (Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-Cl, 13 NY3d at 200). The Court stated that when the purpose of an assignment is the collection of a legitimate claim, the champerty statute does not apply.
“What the statute prohibits, as the Appellate Division stated over a century ago, is the purchase of claims with the intent and for the purpose of bringing an action that [the purchaser] may involve parties in costs and annoyance, where such claims would not be prosecuted if not stirred up ... in [an] effort to secure costs” (id. at 201 [internal quotation marks omitted]).
*40 In the present case, while M.VB. may have taken the assignment from Hickey with the intention of commencing an action against Allstate, the “ ‘mere intent to bring a suit on a claim purchased does not constitute the offense [of champerty]; the purchase must be made for the very purpose of bringing such suit, and this implies an exclusion of any other purpose’ ” (Bluebird Partners, 94 NY2d at 735, quoting Moses v McDivitt, 88 NY 62, 65 [1882]). As Hickey’s representative, M.VB. was involved during settlement negotiations with Allstate, and had a “legitimate business purpose” (Hill Intl. v Town of Orangetown, 290 AD2d 416, 417 [2002]; see also American Express Co. v Control Data Corp., 50 AD2d 749, 750 [1975]) in having Allstate pay what M.VB. believed was a fair and reasonable labor rate (see Rizzo v Merchants & Businessmen’s Mut. Ins. Co., 188 Misc 2d 180 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). Thus, in taking the assignment from Hickey, M.VB. did not act with a “basic litigious purpose” but rather had such a preexisting relationship with Hickey as to give it a “substantial and legitimate interest” in the transactions involved in the suit (American Express Co., 50 AD2d at 750; see also Williams Paving Co. v United States Fid. & Guar. Co., 67 AD2d 827 [1979]). As the District Court noted, since one of the purposes of the assignment was to enforce a legitimate claim, the transaction cannot be considered champertous (see also SB Schwartz & Co., Inc. v Levine, 82 AD3d 742 [2011]).
Accordingly, the order is affirmed.
Iannacci, J.P., Molia and LaCava, JJ., concur.