■ NAJJAR GROUP, LLC, Appellant, v WEST 56TH HOTEL LLC, Doing Business as CHAMBERS HOTEL, Respondent. [965 NYS2d 720]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered March 23, 2012, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the fourth and fifth causes of action, for breach of contract and breach of fiduciary duty, unanimously affirmed, without costs.

Choses in action, such as claims for breach of contract and breach of fiduciary duty, are freely assignable (General Obligations Law § 13-101; *see M. W. Zack Metal Co. v International Nav. Corp. of Monrovia*, 112 AD2d 865, 867 [1st Dept 1985], *affd* 67 NY2d 892 [1986]; *Hill Intl. v Town of Orangetown*, 290 AD2d 416, 417 [2d Dept 2002]; *American Banana Co. v Venezolana Internacional De Aviacion S.A. [VIASA]*, 67 AD2d 613 [1st Dept 1979], *affd* 49 NY2d 848 [1980]). While, generally speaking, an assignee stands in the shoes of the assignor (*see New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 592 [2011]), the plain language of an assignment determines its breadth and scope (*see CIT Group/Equip. Fin. v Abele Tractor & Equip. Co.*, 213 AD2d 820, 821 [3d Dept 1995]; *see also* 29 Richard A. Lord, Williston on Contracts § 74:6 [4th ed 2012]). Here, the subject assignment provided that plaintiff would assume "all of [the Assignor]'s *liabilities and obligations* with respect to the Membership Interest" in a limited liability corporation, and *"assume[d] all obligations* of the Assignor arising from any failure to make a Capital Contribution as defined in the Operating Agreement, prior to the date hereof." Supreme Court properly determined that the plain language of this assignment did not include assignment of the assignor's rights to choses in action preceding the assignment.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.