*857 In an action, inter alia, to recover damages for breach of an insurance contract, the defendant National Union Fire Insurance Company of Pittsburgh, PA, appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated September 17, 2012, which, among other things, denied that branch of its motion which was for summary judgment dismissing so much of the first cause of action to recover damages for breach of contract as sought to recover consequential damages.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of an insurance contract, alleging, among other things, that the defendant insurer, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National Union), breached its obligation under the subject insurance policy to defend and indemnify it in an action commenced in federal court pursuant to the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq.). National Union moved for summary judgment, among other things, dismissing so much of the first cause of action alleging breach of contract as sought to recover consequential damages for “the demise of [the plaintiff] as an operating business” and “[l]oss of income by [the plaintiff].” In an order dated September 17, 2012, the Supreme Court, inter alia, denied that branch of National Union’s motion which was for summary judgment dismissing so much of the first cause of action as sought to recover consequential damages.
“[Consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time, of or prior to contracting” (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008] [internal quotation marks omitted]).
Here, contrary to National Union’s contention, it failed to establish, prima facie, that it acted in good faith in recommending that the plaintiff accept a settlement offer, and then discontinuing the payment of defense costs once the plaintiff rejected the offer (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453 [1993]; Home Ins. Co. v United Servs. Auto. Assn., 262 AD2d 452, 454 [1999]). Moreover, although the subject insurance policy contains a provision excluding coverage for “loss of earnings,” this provision plainly only applies to loss of earnings caused by a covered event under the policy, and does not *858 preclude the recovery of consequential damages caused by National Union’s alleged breach of contract (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 196 [2008]). Accordingly, the Supreme Court properly denied that branch of National Union’s motion which was for summary judgment dismissing so much of the first cause of action as sought to recover consequential damages.
National Union’s remaining contentions are either not properly before this Court or without merit.
Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.