LVNV Funding, LLC v Barrow (2025 NY Slip Op 51988(U))

[*1]

LVNV Funding, LLC v Barrow

2025 NY Slip Op 51988(U)

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-1065 Q C

LVNV Funding, LLC, Respondent,
against
Haliyma N. Barrow, Appellant. 

Appellate Term Docket No.
2025-17 Q C
Lower Court # CV-009356-23/QU
Haliyma N. Barrow, appellant pro se.
Pressler, Felt & Warshaw, LLP (Craig S. Stiller of counsel), for respondent.

Appeals from two orders of the Civil Court of the City of New York, Queens County (Michael H. Goldman, J.), each dated September 13, 2024. The orders, each from a separate action, insofar as appealed from as limited by each brief, denied defendant's motion to dismiss the complaint in the respective action.

ORDERED that the orders, insofar as appealed from, are affirmed, without costs.
In each of these two consumer credit actions, plaintiff, which is a debt collector (see Department of Financial Services [23 NYCRR] § 1.1 [e]), seeks to recover a credit card debt from defendant based on its acquisition of a charged-off credit card debt that originated with the Navy Federal Credit Union (NFCU). In one action (index No. CV-009333-23, appeal No. 2024-1065 Q C), plaintiff seeks to recover the principal sum of $15,646.97 on a credit card account. In a second action (index No. CV-009356-23, appeal No. 2025-17 Q C), plaintiff seeks to recover the principal sum of $8,571.14 on a separate credit card account. Each complaint alleges, among other things, that defendant incurred credit card debt on an NFCU-issued credit card; that defendant defaulted in payment on the the card; that the NFCU charged off the debt on that card; and that the NFCU sold or assigned the charged-off debt on the card to Resurgent Acquisitions, LLC, which, on the same day, sold or assigned the debt to plaintiff. In her answers, defendant implicitly denied liability on the sole ground that she had no contractual relationship with plaintiff. 
Defendant moved to compel discovery in each case, seeking, among other things, copies [*2]of "the alleged contract[s]" between the parties. In opposition to those motions, plaintiff's attorney stated that no such contracts existed, but, for each account, provided copies of the NFCU's final year of statements to defendant which also showed the applicable charge-off dates and amounts, and documented the chain of title of the debts from NFCU to plaintiff. Defendant then moved in each action to dismiss the respective complaint on the ground that the parties had not been in a contractual relationship. In opposition to defendant's motions, plaintiff argued that the NFCU's issuance of credit cards to defendant had constituted offers of credit, which defendant had accepted by using the credit cards. Plaintiff argued that, as the current owner of the NFCU's charged-off debts, it was entitled to collect the sums that defendant owed. 
As limited by her briefs, defendant appeals from so much of two orders of the Civil Court (Michael H. Goldman, J.) dated September 13, 2024 as denied defendant's motion to dismiss the complaint in each action. The court stated that it viewed defendant's motions to dismiss as having been made, in effect, under CPLR 3211 (a) (7) (failure to state a cause of action), and denied the motions to dismiss upon findings that, by establishing the original debts and the sale of the debts to plaintiff, plaintiff had demonstrated that it had stated a cause of action against defendant in each action. 
On appeal, defendant asserts that, by denying her motions, the Civil Court violated her constitutional right to due process. Defendant premised her motions to dismiss on plaintiff's lack of a direct contractual relationship with her. However, "the standing of the assignee of a note has long been recognized in both New York (see Merritt v Bartholick, 36 NY 44, 45 [1867]) and federal (see Carpenter v Longan, 83 US 271, 275 [1872]) jurisprudence" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 621 [2022]), and the valid assignee of a credit card debt has the right to bring a lawsuit to collect on such debt (see State Farm Bank F.S.B. v Dekom, 58 Misc 3d 146[A], 2017 NY Slip Op 51954[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Portfolio Recovery Assoc., LLC v Rand, 34 Misc 3d 52 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Thus, we find that defendant's motion to dismiss the complaint in each action was properly denied.
Accordingly, the orders, insofar as appealed from, are affirmed.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 12, 2025