Mulacek v ExxonMobil Corp.

2026 NY Slip Op 02787

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Phil E. Mulacek et al., Plaintiffs-Respondents,

v

ExxonMobil Corporation, et al., Defendants-Appellants.

Decided and Entered: May 05, 2026

Index No. 659043/24|Appeal No. 6523|Case No. 2025-04710|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Davis Polk & Wardwell LLP, New York (Andrew Ditchfield of counsel), for appellants.

Boies Schiller Flexner LLP, New York (Jenny H. Kim of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about July 25, 2o25, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs are former shareholders of InterOil Corporation (InterOil), a company with natural gas interests in Papua New Guinea that was acquired by defendants in a 2017 transaction. In the transaction, defendants acquired all outstanding InterOil stock for $45 per share payable in defendants' stock, and defendants agreed to pay additional consideration contingent upon a post-closing estimate by independent resource certifiers of the potential resources in certain oil and gas fields based on the appraisal of certain select wells. Defendants deposited potential contingent consideration into an escrow account, and former InterOil shareholders became Holders of Escrow Verification Receipts (EVRs) representing their interest in the escrow account. According to plaintiffs, defendants manipulated the appraisal so that it was more than 30% lower than prior appraisals of the same oil and gas fields and thereby reduced the payments to former InterOil shareholders, such as themselves.

In a prior action, the Court of Appeals affirmed the dismissal of plaintiffs' claims, brought on their own behalf, for breach of the Contingent Resource Payment Agreement (CRPA). The Court of Appeals found that § 8.05 of that agreement restricted Holders from bringing an action unless they qualified as a Required Holder under the CRPA which was defined as a Holder of more than 25% of the outstanding EVRs (see Mulacek v ExxonMobil Corp, 42 NY3d 931, 933-934 [2024]). It was undisputed that at that time, plaintiffs did not hold more than 25% of the outstanding EVRs.

Plaintiffs bring the subject action again seeking damages for breach of the CRPA alleging that they now have standing because in May 2024, plaintiff Mulacek was assigned EVRs held by other former InterOil shareholders, thereby exceeding the Required Holders threshold under § 8.05 of the CRPA. Plaintiffs now represent the interests of all Holders, whose damages exceeded $1 billion.

The court properly denied defendants' motion to dismiss the complaint because plaintiffs established standing. The CRPA has since terminated. Under § 8.11 of the agreement, the provisions of § 3.03, prohibiting transfers that did not qualify as Permitted Transfers under § 1.01, and § 3.04, requiring a written request and determination by the escrow agent, did not survive the termination of the CRPA because these sections are not among the surviving provisions explicitly identified in § 8.11 (see Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560 [2014]; Morales v County of Nassau, 94 NY2d 218, 224 [1999]). Further, the EVRs were freely transferable after the CRPA was terminated and nothing restricting such transference survived the termination of the CRPA.

[*2]

Defendants' reliance on the final sentence of § 8.11 of the CRPA as a catchall provision does not counsel a different result as "a specific provision will not be set aside in favor of a catchall clause" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 583 [2018]). The final sentence of § 8.11 intended to make clear that a Holder's right to payment prior to termination, and the provisions applicable thereto, would not be affected by termination of the CRPA. Plaintiffs' claims, however, concern a breach of contract not a right to payment prior to termination. And, if the parties had intended §§ 3.03 and 3.04, provisions which restrict the transfers of EVRs, to survive termination then those provisions would have been listed among the enumerated surviving provisions of the agreement and not included in the rubric of the final sentence of § 8.11 (see id.). Moreover, generally, a breach of contract claim is freely assignable in New York (see Najjar Group, LLC v West 56th Hotel LLC, 106 AD3d 640, 641 [1st Dept 2013]).

Furthermore, defendants' contention that plaintiffs are not Required Holders because they are not listed in the EVR Register does not demand dismissal of the complaint because defendants failed to demonstrate that inclusion in the EVR Register was possible post-termination of the CRPA (see generally Tuli v Cabgram Devs., LLC, 202 AD3d 424, 425 [1st Dept 2022]).

The parties' respective arguments concerning CPLR 205(a) and the doctrine of equitable estoppel, and their impact, if any, on the timeliness of this action, are dependent on facts not before us on this motion to dismiss.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026