517 F.2d 66
 Richard RHOADS et al., Plaintiffs-Appellees,
v.
J. Benjamin McFERRAN, Individually and as Director of
Personnel for the New York State Department of Social
Services, and Sidney Houben, Individually and as head of the
Bureau of Disability Determinations, New York State
Department of Social Services, Defendants-Appellants.
 Nos. 801, 802, Dockets 74-2605, 75-7088.
 United States Court of Appeals,
Second Circuit.
 Argued April 2, 1975.
Decided May 30, 1975.
 
 A. Seth Greenwald, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendants-appellants.
 Eve Cary, New York City (New York Civil Liberties Union, New York City, of counsel), for plaintiffs-appellees.
 Before ANDERSON, MANSFIELD and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 J. Benjamin McFerran, Director of Personnel for the New York State Department of Social Services, and Sidney Houben, Director of the Bureau of Disability Determinations of the New York State Department of Social Services, appeal from an order granting summary judgment and a permanent injunction restraining them, both individually and in their official capacities, from interfering with the distribution by Bureau of Disability Determinations ("Bureau") employees of job-related literature inside their state offices at Two World Trade Center before and after working hours. The order was entered by Constance B. Motley, Judge, Southern District of New York, on the ground that the plaintiffs, three Bureau employees, have a First Amendment right to make such distributions in a non-disruptive manner, which cannot be circumscribed by defendants. Prior to this lawsuit Bureau regulations had, in effect, prohibited such "inside-the-office" leafletting. Employees had been subjected to disciplinary action when they placed their literature on the desks of their co-workers before or after working hours.
 
 
 2
 Both parties moved for summary judgment below under Rule 56, F.R.Civ.P., at approximately the same time and filed statements of alleged undisputed material facts pursuant to Rule 9(g) of the Local Rules of the Southern District of New York. Defendants did not challenge plaintiffs' 9(g) statement, although plaintiffs challenged two paragraphs of that filed by defendants. Summary judgment was granted solely on the basis of these statements and the pleadings.
 
 
 3
 It is well settled in this Circuit that, even though both sides have cross-moved for summary judgment, neither motion may be granted unless one party is entitled to it as a matter of law upon genuinely undisputed facts. American Manufacturers Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272, 279 (2d Cir. 1967), cert. denied, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972); Walling v. Richmond Screw Anchor Co., 154 F.2d 780, 784 (2d Cir.), cert. denied, 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640 (1946); Steinberg v. Adams, 90 F.Supp. 604, 608 (S.D.N.Y.1950). Furthermore, all reasonable inferences of fact must be drawn in favor of the party opposing summary judgment. United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); Empire Electronics Co. v. United States, 311 F.2d 175, 179-81 (2d Cir. 1962).
 
 
 4
 These fundamental principles were violated by the grant of summary judgment in this case. In order to grant summary judgment the district court, without an evidentiary hearing, prematurely resolved three factual issues that had either been disputed in the opposing 9(g) statements or had not been mentioned at all: (1) whether the office in which the leaflets were to be distributed was public in nature; (2) whether plaintiffs' planned methods of distribution were possibly disruptive; and (3) whether there were viable alternative methods with less disruptive impact than plaintiffs' proposed method.
 
 
 5
 The first of these issues is clearly disputed in the parties' 9(g) statements. Defendants allege that the site of the distribution is non-public. Plaintiffs claim in reply that the offices in which leafletting would occur are "public," at least with regard to the employees who would be engaged in the distribution. The public or private nature of the areas in question, the normal activities carried on within them and the relationship of the planned leafletting activities to those two facts are unquestionably material issues in the determination of the scope of individual First Amendment rights vis-a-vis the state government. See, e. g., Albany Welfare Rights Organization v. Wyman, 493 F.2d 1319 (2d Cir.), cert. denied, 419 U.S. 838, 95 S.Ct. 66, 42 L.Ed.2d 64 (Oct. 15, 1974); James v. Board of Education, 461 F.2d 566 (2d Cir.), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 491 (1972); Wolin v. Port of New York Authority, 392 F.2d 83 (2d Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 290, 21 L.Ed.2d 275 (1968).
 
 
 6
 The latter two factual issues are not mentioned in the 9(g) statements at all. However, the facts must be determined after weighing such evidence as the parties present at an evidentiary hearing (unless plaintiffs' claims are conceded by defendants). Only then can the district court undertake the important task of balancing the opposing interests of citizens and state with a view to preserving plaintiffs' First Amendment rights and at the same time permitting the state's business to be transacted with minimal disruption. See, e. g., Adderley v. Florida, 385 U.S. 39, 47-48, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); Albany Welfare Rights Organization v. Wyman, supra, 493 F.2d at 1325; James v. Board of Education, supra ; Wolin v. Port of New York Authority, supra.
 
 
 7
 This case, therefore, must be remanded to the district court to afford the parties the opportunity to present relevant evidence with respect to material factual issues. Should the issues then be finally resolved in favor of the plaintiffs, the district court would be called upon to determine in its discretion which method of distribution would most appropriately enable plaintiffs to exercise their First Amendment rights with a minimum of disruption to the state's conduct of its essential business. In that event it might develop, for instance, that lunch-hour leafletting in the hallways near the elevator banks of those World Trade Center floors where the Bureau maintains its offices would give plaintiffs the essential exposure to solicited employees without disrupting the Bureau's work or posing undue security risks. See Albany Welfare Rights Organization v. Wyman, supra, 493 F.2d at 1325.
 
 
 8
 In view of the reversal of the entry of the permanent injunction, the contempt citations for violating that injunction must also be reversed.