**Russell MOKHIBER Plaintiff,**

v.

**U.S. DEPARTMENT OF THE TREASURY, Defendant.**

**No. CIV. 01–1974(EGS).**

United States District Court, District of Columbia.

Sept. 9, 2004.

Michael Edward Tankersley, Washington, DC, for Plaintiff.

Heather D. Graham–Oliver, Vincent H. Cohen, Jr., United States Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

### I. INTRODUCTION

Plaintiff Russell Mokhiber, a reporter for the legal publication Corporate Crime Reporter, commenced this action in an effort to compel the Office of Foreign Assets Control ("OFAC")[1] to respond to his Freedom of Information Act ("FOIA") request. *See* 5 U.S.C. § 552 *et seq.*. Plaintiff's FOIA request sought "records of all enforcement actions settled by the OFAC

---

1. OFAC is an agency within the U.S. Treasury Department that "administers and enforces economic and trade sanctions against target- ed foreign countries, terrorism-sponsoring organizations, and international narcotics traffickers." Compl. ¶ 5.

since May 17, 1998" and specifically, "records revealing the following information with respect to such enforcement actions: the date of settlement, the amount of settlement, the identity of the entity with which the enforcement action was settled, and amount of any penalty imposed, and the nature of the alleged violation." Compl. ¶ 6; *see also* Newcomb Decl. ¶ 5 [2] (noting that OFAC imposes financial penalties on U.S. corporations that trade with OFAC-targeted countries and organizations in violation of the law, and that some civil penalty matters are resolved through informal settlement procedures).

On September 26, 2003, this Court issued a Memorandum Opinion granting in part and denying in part the parties' cross-motions for summary judgment pertaining to material withheld pursuant to defendant's claimed FOIA exemptions. [3] The September 2003 Opinion left open one issue: whether material withheld pursuant to FOIA Exemption 5, which encompasses the asserted deliberative process privilege, contains factual material which must be segregated from properly withheld deliberative material. *See* 5 U.S.C. § 552(b)(5) ("Exemption 5") ("inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are exempt from FOIA disclosure requirements); 5 U.S.C. § 552(b) ("[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection"). Declining to grant judgment for either party, the Court stated, in relevant part:

[B]ecause the Department's assertion of segregabilty is vague, the Court will deny the parties' motions for summary judgment on this issue and order the Department to provide a more detailed *Vaughn* index addressing with the requisite specificity the segregability of factual information from deliberative information within the "settlement offer," "administrative considerations," and other redacted portions of the documents.

Mem. Op. and Order of Sept. 26, 2003, at 19. Accordingly, the Court ordered defendant to file an amended *Vaughn* index "addressing, with the requisite specificity, the segregability of facts from deliberative process materials in the redacted portions of the disclosed documents." Mem. Op. and Order of Sept. 26, 2003, at 32–33.

In compliance with this Order, defendant filed a Supplemental Declaration from Director Newcomb. Plaintiff immediately renewed his motion for summary judgment, arguing that the supplemental declaration "shows that OFAC has not complied with the applicable legal standards and is withholding information that must be made public" pursuant to FOIA. Pl.'s Renewed Mot. for Summ. J. at 1–2. Defendant likewise renewed its motion for summary judgment, averring that it had released all reasonably segregable non-deliberative material.

Upon careful consideration of the motions, the responses and replies thereto, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that plaintiff's motion for summary judgment is

---

**2.** R. Richard Newcomb is the Director of OFAC, a position he has held since 1987. Director Newcomb's original declaration of November 20, 2002, will be cited to as "Newcomb Decl." Director Newcomb's October 30, 2003, supplemental declaration will be cited to as "Newcomb Supplemental Decl."

**3.** A complete discussion of this action's factual and procedural history can be found in the Court's September 26, 2003, Memorandum Opinion.

**GRANTED** and defendants' motion for summary judgment is **DENIED.**

## II. STANDARD OF REVIEW

■ This case is before the Court on the parties' cross-motions for summary judgment. Pursuant to Federal Rule of Civil Procedure 56, summary judgment will be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Waterhouse v. District of Columbia,* 298 F.3d 989, 991 (D.C.Cir.2002). Likewise, in ruling on cross-motions for summary judgment, the court will grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *See Rhoads v. McFerran,* 517 F.2d 66, 67 (2d Cir.1975). Summary judgment is also appropriate in a FOIA action; "the Court may award summary judgment to the agency on the basis of affidavits when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Trans Union LLC v. Federal Trade Com'n,* 141 F.Supp.2d 62, 67 (D.D.C.2001) (quoting *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir. 1981)).

## III. FOIA EXEMPTION 5 AND THE SEGREGABILITY REQUIREMENT

■ The Freedom of Information Act requires that federal agencies release all documents requested by members of the public unless the information contained within such documents falls within one of FOIA's nine exemptions. *See* 5 U.S.C. § 552(a), (b). The exemption at issue here, Exemption 5, allows withholding of requested documents or information when they include "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Encompassed in Exemption 5 is the "deliberative process" privilege, which protects from disclosure "documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001) (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)). "Consistent with the Act's goal of broad disclosure," Exemption 5 has "consistently [been] given a narrow compass." *Id.* (quoting *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 151, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989)).

As stated in the September 2003 Opinion, OFAC properly withheld portions of documents pursuant to Exemption 5. In granting defendant's motion for summary judgment on the Exemption 5 claim, the Court stated:

> [T]he Department is not required to disclose the deliberative portions of the settlement memoranda that set forth OFAC staff recommendations and impressions, as they have not been expressly adopted by Director Newcomb in his decision to settle a case, and the plaintiff has not responded to Director Newcomb's declaration with any evidence showing that OFAC staff recommendations are indeed adopted by the Director in every case. Accordingly, the Court denies plaintiff's motion for summary judgment, and grants defendant summary judgment on the Exemption 5 claim.

Mem. Op. and Order of Sept. 26, 2003, at 14.

■ However, FOIA also requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). An agency must disclose non-exempt portions of a document; "it has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Krikorian v. Department of State*, 984 F.2d 461, 466 (D.C.Cir.1993) (quoting *Mead Data Cent., Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977)). The agency bears the burden of demonstrating that withheld documents contain no reasonably segregable factual information. *See Army Times Pub. Co. v. Department of Air Force*, 998 F.2d 1067, 1068 (D.C.Cir.1993); *Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977).

## IV. ANALYSIS

■ Defendants released approximately 300 pages of documents to plaintiff; the majority of the records are settlement memoranda and notes. Newcomb Decl. ¶ 6. The question now before the Court is whether, in preparing those records for release, the defendant adequately separated factual material from deliberative material, and then released the non-exempt factual material to plaintiff.

In September 2003, the Court declined to grant summary judgment to either party on the issue of segregability because the Vaughn Index and accompanying Newcomb declaration were too vague for the Court to determine whether purely factual information could be segregated from the deliberative material withheld pursuant to Exemption 5.

[O]n the issue of segregability, the Newcomb declaration is brief and vague, stating in only conclusory terms that "any facts embedded in these portions of the memoranda are so inextricably intertwined with the deliberative analysis that they could not be reasonably segregated any further." Because the case law holds that agency affidavits will not suffice if they are conclusory, merely recite statutory standards, or are too vague or sweeping, the Court finds good cause to require a more detailed affidavit or Vaughn index ... Director Newcomb's declaration does not correlate claimed exemptions with particular passages within the documents. He also does not speak to the proportion of factual material in relation to deliberative material within the redacted portions.

Mem. Op. and Order of Sept. 26, 2003 at 16–17 (citing Newcomb Decl. ¶ 8).

The crux of plaintiff's renewed motion for summary judgment is that the Director Newcomb's supplemental declaration does not cure these deficiencies. Specifically, plaintiff avers that the agency is (1) impermissibly withholding factual information concerning aggravating and mitigating factors in individual cases and (2) impermissibly withholding information regarding the settlement offer amounts made by private parties. Defendant counters that all reasonably segregable information has been provided, and that while there may be some "stray factual information within those redacted portions of the memorandum," the "approach to redacting the analysis was reasonable and consistent with efficient government operation." Def.'s Renewed Mot. for Summ. J. at 3.

### A. Mitigating and Aggravating Factors

The settlement memoranda at issue each contain sections captioned "Mitigating

Factors/Other Administrative Considerations" and "Aggravating Factor(s)/Other Considerations." Newcomb Supplemental Decl. ¶ 6. Plaintiff argues that in redacting the document at issue, OFAC impermissibly "blacked-out *all* information concerning such aggravating and mitigating factors." Pl.'s Renewed Mot. for Summ. J. at 4. More specifically, plaintiff avers that "statements that the offense was voluntarily disclosed [or] does or does not represent a first offense," are examples of factual information contained in the otherwise deliberative sections that must be disclosed pursuant to FOIA. Pl.'s Renewed Mot. for Summ. J. at 9; *see also* Newcomb Supplemental Decl. ¶ 7 (noting that voluntary disclosure and the fact of a first offense are mitigating factors).

That OFAC redacted *all* information in these sections, rather than parsing factual material from deliberative material, is not at issue. Indeed, Director Newcomb admits that OFAC concluded "the more reasonable method of separating factual information from exempt information was to follow the standard structure of the settlement memoranda to *redact all of the analysis*," from the Mitigating Factors and Aggravating Factors sections. Newcomb Supplemental Decl. ¶ 8 (emphasis added); *see also* Def.'s Ex. to Supplemental Newcomb Decl. (sample settlement memorandum where all information in Mitigating/Aggravating Factors sections is redacted). Moreover, it is also undisputed that some purely factual information is found in the redacted portions of the memoranda. *See* Newcomb Supplemental Decl. ¶ 8 ("The occasional notation 'voluntary dismissal,' 'first offense,' or any other stray factual information is a relatively small proportion of the deliberative sections of the settlement agreement.")

Defendant argues that this method of redaction—that is, redaction of whole sections—was "reasonable and consistent with

efficient government operation" and asks the Court to "keep in mind that locating and preparing these documents for public disclosure was not a simple task." Def.'s Renewed Mot. for Summ. J. at 3. The standard for assessing OFAC's attempts at separation of factual material from deliberative material, defendant asserts, is "reasonableness," and thus concludes that its efforts satisfied FOIA obligations.

While defendant is correct that it need only disclose "reasonably segregable" information, defendant has not demonstrated that it even *attempted* to separate factual material from deliberative material in the redacted sections. Even accepting defendant's assertion that the factual material is a "relatively small proportion of the deliberative sections of the settlement agreement," the fact that the amount of factual information is minimal does not relieve the agency from the obligation to attempt to parse out and disclose purely factual material. Indeed, the Circuit has explicitly stated that, in the Exemption 5 context, "the agency bears the burden of showing that *no such segregable information exists*." *Army Times Pub. Co. v. Department of Air Force*, 998 F.2d 1067, 1071 (D.C.Cir.1993) (emphasis added). Here, OFAC freely admits that such information exists within the redacted records, makes no argument that the factual information is "inextricably intertwined" with deliberative material, but yet refuses to engage in the segregabilty analysis FOIA requires. *See Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C.Cir. 2002) ("FOIA § 552(b) requires that even if some materials from the requested record are exempt from disclosure, any 'reasonably segregable' information from those documents must be disclosed after redaction of the exempt information unless the exempt portions are inextricably intertwined with exempt portions") (internal citation and quotation omitted); *American*

*Civil Liberties Union v. U.S. Dept. of Justice,* 265 F.Supp.2d 20, 33 (D.D.C.2003) (applying "inextricably intertwined" test to documents withheld pursuant to Exemption 5 deliberative process privilege).

This Circuit has made clear that potential segregability of material is determined by an assessment of both the "intelligibility" of factual material after it is separated from deliberative material, as well as "the extent of the burden in 'editing' or 'segregating' the nonexempt material." *Yeager v. Drug Enforcement Administration,* 678 F.2d 315, 322 n. 16 (D.C.Cir.1982). Defendant has not argued that the factual material would be unintelligible if separated from deliberative material. Defendant has, however, vaguely argued that separating factual material may be burdensome. *See* Newcomb Supplemental Decl. ¶ 8 (factual material constitutes "relatively small proportion of the deliberative sections"); Def.'s Renewed Mot. for Summ. J. at 7 ("Justice would not be served by devoting yet more government time and resources to this FOIA request."). This argument falls far short of the well-recognized standard that an agency "must provide a 'detailed justification' for its non-segregability." *Johnson,* 310 F.3d at 776 (upholding non-segregability assertion where agency official had conducted a "line-by line" review of each document and determined that no factual information was segregable). In sum, the agency has done little to cure the deficiencies the Court found with the previous assertion of non-segregability. Mem. Op. and Order of Sept. 26, 2003, at 16–17. OFAC has not met its burden to segregate factual material from deliberative material in the Mitigating and Aggravating Factors sections of the memoranda.

**B. Settlement Offers**

■ In its September 2003 Memorandum Opinion, the Court found that defendant was not required to produce deliberative portions of the settlement memoranda, as such information is protected by Exemption 5. However, the Court also noted that factual information contained in the memoranda, for example the amount third parties offered to OFAC for settlement purposes, would have to be disclosed if reasonably segregable.

> If it is indeed the case that these portions of the memoranda, often consisting of one or two lines, are purely factual information, the law mandates that the information be disclosed. Exemption 5 only protects those communications that are between or within agencies; therefore, information pertaining to settlement discussions between an agency and a third party are not exempt from disclosure. *See, e.g., Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice,* 823 F.2d 574, 587 (D.C.Cir.1987); *Mead Data,* 566 F.2d at 257–58. The issue, then, remains whether factual information about the specific amount of money offered OFAC by the corporations can be reasonably segregated from the deliberative material.

Mem. Op. and Order of Sept. 26, 2003 at 16–17.

Plaintiff correctly states that Director Newcomb's supplemental declaration "does *not* claim that OFAC redacted information describing settlement offers because it is inextricably intertwined with deliberative material." Pl.'s Renewed Mot. for Summ J. at 5 (emphasis in original). Indeed, rather than arguing that settlement offer information cannot be segregated, defendant instead simply rehashes its argument that the disclosure of *rejected* settlement offers (unlike accepted settlement offers) "would cut to the very heart of the predecisional negotiations and deliberations described by OFAC staff in the settlement memoranda." Def.'s Renewed Mot. for Summ. J. at 6. Defendant concludes that disclosure of rejected settlement offers

would "inhibit[ ] the candor of OFAC staff" and release of the information would "impair the quality of agency decision making." *Id.* at 6–7.

The Court has already rejected defendant's argument that the rejected settlement offers from third parties are privileged. *See* Mem. Op. and Order of Sept. 26, 2003 at 16–17 ("Exemption 5 only protects those communications that are between or within agencies; therefore, information pertaining to settlement discussions between an agency and a third party are not exempt from disclosure."). Further, as noted in the September 2003 Opinion, the Circuit has likewise rejected the argument that factual information pertaining to the amount offered by a third party to an agency in settlement negotiations is privileged. *See, e.g., Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 587 (D.C.Cir.1987); *Mead Data Central Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 257–58 (D.C.Cir.1977); *Greenberg v. United States Dep't of Treasury*, 10 F.Supp.2d 3,17 (D.D.C.1998) (stating that "factual information about negotiations between an agency and an outside party" does not fall within Exemption 5). While the Court could not mandate disclosure of an agency's internal, deliberative discussions about whether to accept or reject a settlement offer, the factual amount offered by a *third party* is purely factual, segregable information.

Defendant makes absolutely no argument that the factual settlement offer information is so "inextricably intertwined" with deliberative material so as to preclude disclosure; nor does defendant demonstrate that separating such information would impose a high burden on the agency. *See Johnson*, 310 F.3d at 776 (agency must disclose factual material unless it is "inextricably intertwined with exempt por-

tions"). Therefore, OFAC has not met its FOIA obligations to segregate factual material from deliberative material.

## V. CONCLUSION

For the reasons set forth above, the Court finds that defendants have not made a good faith effort to provide plaintiff with a "reasonably segregable portion" of each document. *See* 5 U.S.C. § 552(b). Accordingly, it is by the Court hereby

**ORDERED** that plaintiff's motion for summary judgment is **GRANTED**; and it is

**FURTHER ORDERED** that defendant's motion for summary judgment is **DENIED**; and it is

**FURTHER ORDERED** that defendant shall file with plaintiff and the Court appropriately redacted versions of each document by no later than **October 8, 2004.**